**David R. GREEN, Plaintiff-Appellant,**

v.

**AMERADA–HESS CORPORATION, Defendant-Appellee.**

No. 79–2927

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1980.

Rehearing and Rehearing En Banc Denied March 18, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

Butler & Brown, James M. Brown, William C. Butler, Guy M. Walker, Laurel, Miss., for plaintiff-appellant.

Brunini, Gratham, Grower & Hewes, Edmund L. Brunini, Jr., John E. Milner, Jackson, Miss., for defendant-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant David R. Green brought a Mississippi diversity suit against appellee Amerada Hess Corporation claiming that he was wrongfully discharged from his job for pursuing his rights under Mississippi's workmen's compensation statute. The district court granted Amerada Hess' motion for summary judgment on the ground that appellant's claim did not state a valid cause of action under Mississippi law. On appeal, appellant Green argues that such a wrongful discharge raises a cognizable claim. Disagreeing with appellant's contention, we affirm the decision of the district court.

The facts relevant to this appeal are as follows. Appellant was first employed by Amerada Hess on January 1, 1972. He did not have a written contract of employment, but was hired for an indefinite period of time. On April 15, 1973, while in the employ of Amerada Hess, appellant Green sustained an injury as the result of an employment-related accident. Green filed an accident report the next day, but continued working until April 9, 1974 at which time he entered the hospital for diagnostic tests. After a one-week hiatus, appellant returned to work until October 1974 when he was hospitalized for back surgery. After recuperating, he resumed his employment in December 1974. On July 24, 1975, Green was dismissed allegedly in retaliation for

seeking to pursue his rights to workmen's compensation.[1]

■ Unlike other state statutes which explicitly provide for a civil action for a retaliatory discharge, *see* Tex.Rev.Civ.Stat. Ann. art. 8307c (Vernon Cum.Supp.1978), the Mississippi statute does not so provide. Mississippi Workmen's Compensation Law, Miss.Code Ann. § 71–3–1 *et seq.* (1972). Moreover, Mississippi courts have not specifically decided the question whether an employer may be liable in damages for discharging an employee for pursuing his workmen's compensation rights. In the absence of controlling precedent, we must nonetheless decide this issue as we believe a Mississippi court would decide it. *Loucks v. Star City Glass Co.*, 551 F.2d 745, 746 (7th Cir. 1977). In this regard, special weight must be given to the determination of the district court judge who is familiar with local law. *See Bernhardt v. Polygraphic Company of America*, 350 U.S. 198, 204, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956). As found by the district court, an employer under Mississippi law has the legal right to discharge employees employed for an indefinite term without any justification. *Montgomery Ward & Co., Inc. v. Skinner*, 200 Miss. 44, 25 So.2d 572, 576 (1946); *Rape v. Mobile & Ohio R.R. Co.*, 136 Miss. 38, 100 So. 585 (1924). It is clear that the terminable at will rule which Mississippi follows is directly relevant to the resolution of the issue on appeal. *Loucks, supra,* 551 F.2d at 747. While the harshness of the terminable at will rule is subject to exception in light

of express legislative action, the absence of explicit statutory provision of a civil remedy in the Mississippi workmen's compensation statute argues against recognizing a cause of action for retaliatory discharge. *Loucks, supra,* 551 F.2d at 747–49.[2]

■ Appellant argues that even though Mississippi courts have not yet recognized a cause of action for retaliatory discharge, it is likely that they will do so when faced with an appropriate case in light of recent precedents from other jurisdictions finding such a cause of action. We decline this invitation to create law for Mississippi given the conflicting nature of existing precedents. *Compare Martin v. Tapley*, 360 So.2d 708 (Ala.1978) (refusing to recognize cause of action for retaliatory discharge); *Dockery v. Lampart Table Co.*, 36 N.C.App. 293, 244 S.E.2d 272, *cert. denied*, 295 N.C. 465, 246 S.E.2d 215 (1978) (same); *Segal v. Arrow Industries Corp.*, 364 So.2d 89 (Fla. App.1978) (same) *with Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1979) (recognizing a cause of action for retaliatory discharge); *Brown v. Transcon Lines*, 284 Or. 597, 588 P.2d 1087 (1978) (same); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973) (same); *Sventko v. Kroger Co.*, 69 Mich. App. 644, 245 N.W.2d 151 (1976).[3] As stated in *Loucks*, "it is not our province as a federal appellate court to fashion for [a state] what we are certain many would say was a wise and progressive social policy." *Loucks, supra,* 551 F.2d at 746. Thus, in the absence of any civil remedy provided

---

1. Amerada Hess argues that apart from the issue whether appellant stated a cause of action under state law, the uncontroverted facts show that Green was not discharged for pursuing his workmen's compensation rights. Since the district court did not explicitly state that retaliation was not involved, but rather relied on the view that the allegations did not state a proper cause of action, we decline to address Amerada Hess' argument.

2. Appellant seeks to distinguish *Loucks* on the ground that a subsequent decision by the Illinois Supreme Court in effect "overruled" *Loucks* by finding that allegations of retaliatory discharge stated a proper cause of action under Illinois law. Appellant's characterization of *Loucks* as "overruled," however, is inaccurate.

The central issue in *Loucks*, as in this case, is the appropriate role of the federal courts in applying state law in diversity actions. The fact that the law in Illinois has now been clarified is irrelevant to our concern with maintaining a proper relationship vis-a-vis state courts.

3. Indeed, the precedent favoring finding no cause of action for retaliatory discharge seems more likely to be accepted in Mississippi in that those states holding against the employee are in closer geographic proximity to Mississippi. *Cf. Yost v. Morrow*, 262 F.2d 826, 828 n.3 (9th Cir. 1959) (applying law of Oregon to resolve question of Idaho law given geographic proximity).

for in the state statute, we affirm the decision of the lower court.

AFFIRMED.