397 So.2d 874 (1981)
J.C. KELLY
v.
MISSISSIPPI VALLEY GAS COMPANY, a Mississippi Corporation.
No. 52337.
Supreme Court of Mississippi.
February 4, 1981.
John C. Sullivan, Jr., John M. Mooney, Jr., Sullivan, Sullivan & Blount, Jackson, for appellant.
Carson M. Hughes, John M. Kuykendall, Jr., Overstreet, Kuykendall, Sumners & Hughes, Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
SUGG, Justice, for the Court:
Plaintiff urges this Court to adopt a public policy exception to the common law rule that an employment contract at will may be terminated by either party with or without cause or justification, and hold an employer liable to an employee in a common law tort action when an employer has discharged an employee for filing a workmen's compensation claim.
J.C. Kelly, plaintiff, an employee of the defendant, Mississippi Valley Gas Company, alleged in his declaration: (1) he suffered a work related injury while in the employ of defendant, (2) he filed a claim with the Mississippi Workmen's Compensation Commission based upon the injury, (3) after he filed his claim, the defendant threatened to fire him if he did not dismiss his claim, (4) upon his failure to dismiss his claim, he was fired, and (5) his retaliatory discharge made defendant liable to him for actual and punitive damages.
Mississippi follows the common law rule that a contract of employment for an indefinite term may be terminated at the will of either party. The employee can quit at will; the employer can terminate at will. This means either the employer or the employee *875 may have a good reason, a wrong reason, or no reason for terminating the employment contract. Montgomery Ward & Co. v. Skinner, 200 Miss. 44, 25 So.2d 572 (1946); Rape v. Mobile and O.R.R. Co., 136 Miss. 38, 100 So. 585 (1924); Butler v. Smith and Tharpe, 35 Miss. 457 (1858). The reason for the rule was stated in Rape as follows:
An agreement to furnish a support or service, or a particular commodity, at a specified price, or to do a certain thing without specification as to time, will be construed either as terminable at pleasure, or as implying that the thing to be done shall be performed within a reasonable time, and the obligation will cease within the same limitation. Any other theory than this would subject incautious persons  a class, it may be remarked, which includes a majority of mankind  into lifelong servitudes, and greatly fetter and embarrass the commerce of the world. Indeed, it may be said that any other theory is a moral and practical impossibility, and, if indulged in by the courts, could not be enforced in the ordinary concerns of life... . (136 Miss. at 50, 51; 100 So. at 587)
The Fifth Circuit Court of Appeals considered the question before us in Green v. Amerada-Hess Corp., 612 F.2d 212 (5th Cir.1980). Green filed suit against Amerada-Hess claiming he was wrongfully discharged for pursuing his rights under the Mississippi Workmen's Compensation Law. The trial court granted Amerada-Hess' motion for summary judgment on the ground that Green's claim did not state a valid cause of action under Mississippi Law. The appellate court affirmed and stated:
It is clear that the terminable at will rule which Mississippi follows is directly relevant to the resolution of the issue on appeal. Loucks, supra [7 Cir.], 551 F.2d [745] at 747. While the harshness of the terminable at will rule is subject to exception in light of express legislative action, the absence of explicit statutory provision of a civil remedy in the Mississippi workmen's compensation statute argues against recognizing a cause of action for retaliatory discharge. Loucks, supra, 551 F.2d at 747-49).
Appellant argues that even though Mississippi courts have not yet recognized a cause of action for retaliatory discharge, it is likely that they will do so when faced with an appropriate case in light of recent precedents from other jurisdictions finding such a cause of action. We decline this invitation to create law for Mississippi given the conflicting nature of existing precedents. (612 F.2d at 214)
Some states have adopted a public policy exception to an employer's right to discharge an employee at will when the right is exercised in retaliation for the employee asserting his rights under a workmen's compensation act. Brown v. Trancon Lines, 284 Or. 597, 588 P.2d 1087 (1978); Kelsay v. Motorola, Inc., 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978); Leach v. Lauhoff Grain Co., 51 Ill. App.3d 1022, 9 Ill.Dec. 634, 366 N.E.2d 1145 (1977); Sventko v. The Kroger Co., 69 Mich. App. 644, 245 N.W.2d 151 (1976); Frampton v. Central Indiana Gas Co., 260 Ind. 249, 297 N.E.2d 425 (1973). However, the statutes in each of the above states contain sanctions against discharging employees for filing claims for workmen's compensation benefits.[1]
*876 The rationale of these cases is expressed by the Illinois Supreme Court in Kelsay as follows:
We are not convinced that an employer's otherwise absolute power to terminate an employee at will should prevail when that power is exercised to prevent the employee from asserting his statutory rights under the Workmen's Compensation Act. As we have noted, the legislature enacted the workmen's compensation law as a comprehensive scheme to provide for efficient and expeditious remedies for injured employees. This scheme would be seriously undermined if employers were permitted to abuse their power to terminate by threatening to discharge employees for seeking compensation under the Act. We cannot ignore the fact that when faced with such a dilemma many employees, whose common law rights have been supplanted by the Act, would choose to retain their jobs, and thus, in effect, would be left without a remedy either common law or statutory. This result, which effectively relieves the employer of the responsibility expressly placed upon him by the legislature, is untenable and is contrary to the public policy as expressed in the Workmen's Compensation Act. We cannot believe that the legislature, even in the absence of an explicit proscription against retaliatory discharge, intended such a result. (23 Ill.Dec. at 563, 384 N.E.2d at 357)
Other states have declined to adopt a public policy exception to the at will doctrine when an employee is fired for asserting his rights under a workmen's compensation act. Dockery v. Lampart Table Co., 36 N.C. App. 293, 244 S.E.2d 272 (1978); cert. denied 295 N.C. 465, 246 S.E.2d 215 (1978); Martin v. Tapley, 360 So.2d 708 (Ala. 1978); Segal v. Arrow Industries Corp., 364 So.2d 89 (Fla. Dist. Ct. App. 1978); Stephens v. Justiss-Mears Oil Co., 300 So.2d 510 (La. App. 1974); Narens v. Campbell Sixty-Six Express, Inc., 347 S.W.2d 204 (Mo. 1961); Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122 (1956); Raley v. Darling Shop of Greenville, Inc., 216 S.C. 536, 59 S.E.2d 148 (1950).
These states refuse to allow recovery in tort upon a theory of retaliatory discharge for several reasons as expressed in the opinions. The reasons are: (1) It would do injury to the well established common law rule of contract allowing employers and employees to terminate their relationship at the will of either party when the employment is for an indefinite duration. (2) If one does an act which is legal in itself and violates no right of another, the fact that the rightful act is done with bad intent toward the other person does not give the latter a right of action against the former. (3) Remedies for claims resulting from alleged violations of the spirit of a workmen's compensation act are best left to the legislature.
Plaintiff's arguments in favor of a cause of action for retaliatory discharge under the facts alleged in his bill have considerable appeal. However, the merits of his arguments are clearly for the Legislature to assess, not the judiciary. Our Workmen's Compensation Law does not contain a provision for retaliatory discharges, nor does it contain a provision making it a crime for an employer to discharge an employee for filing a claim. If we create the remedy sought by plaintiff in this case, we would thereby engraft on the law an exception different from that expressed by the Legislature. This is not the function of the judicial department as stated in Hamner v. Lumber Co., 100 Miss. 349, 56 So. 466 (1911) in the following language:

*877 The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the legislature. Neither have the courts authority to write into the statute something which the legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government. Whenever the judiciary shall undertake to violate these rules  indeed, we may say maxims  then it is guilty of usurpation in its most obnoxious form; and the courts dare not do this lest they destroy their own usefulness and power. (100 Miss. at 417, 56 So. at 490)
The principle of the constitutional limitation on the power of the judicial department was succinctly stated in State v. Traylor, 100 Miss. 544, 56 So. 521 (1911) as follows:
The court cannot create a law. Its sole power is to enforce the statute as written by the legislature. (100 Miss. at 558, 56 So. at 522, 523)
In order to preserve the separation of powers set forth in Article 1, Section 1 of the Mississippi Constitution of 1890, it is essential that the judicial department give effect to the acts of the legislative department as long as those acts are expressed in constitutional terms. In modern times the trend to turn to the judicial department for a solution to all of the real or imagined ills of our society has increased sometime to the point of requesting the courts to usurp the legislative power of the legislative department. This, we must resist by the exercise of judicial self restraint and limit our role to the judicial power granted the judicial department under our Constitution. The lack of judicial self restraint has been a source of concern throughout our history. Mr. Justice Marshall, in discussing judicial self restraint, stated: "Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or in other words, to the will of the law." Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 866, 6 L.Ed. 204, 234 (1824).
The Mississippi Workmen's Compensation Law was adopted by the Legislature in the exercise of the legislative power vested exclusively in it under Article 1, Section 1 of the Constitution of 1890. In order to preserve the separation of powers mandated by the Constitution, any amendments to the Workmen's Compensation Law or any public policy determinations of the law, likewise are vested exclusively in the Legislature. The facts alleged by plaintiff in his declaration pose valid public policy questions for the legislative department, not the judicial department of government. We therefore decline to adopt a public policy exception to the common law rule that an employment contract at will may be terminated by either party with or without justification, and decline to create a common law tort action against an employer by an employee who has been discharged for filing a workmen's compensation claim. In our view, if we adopted the public policy exception requested in this case, we would be expressing a public policy different from that expressed by the Legislature in our Workmen's Compensation Law. This public policy decision is not only a proper, but an exclusive, subject for the Legislature[2] to consider.
*878 We hold the trial court correctly sustained the demurrer and affirm.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and HAWKINS, JJ., concur.
BOWLING, J., takes no part.
NOTES
[1] The Oregon Supreme Court in Brown, relied in part on Or. Rev. Stat. § 659.410 which makes it an unlawful employment practice to discriminate against an employee for filing a workmen's compensation claim.

An Illinois Appellate Court in Leach held that the public policy of Illinois was established by a 1975 amendment to its workmen's compensation act which makes it "unlawful for any employer ... to discharge or threaten to discharge ... an employee because of the exercise of his rights or remedies granted to him by this Act." However, we note the Illinois Supreme Court, in Kelsay, did not base its opinion on the 1975 amendment because the events in Kelsay occurred before the 1975 amendment.
In Sventko the court noted that M.C.L.A. Sec. 418.125; M.S.A., Sec. 17-237(125) makes it a crime for an employer to consistently discharge employees before they qualify under the act in order to evade the provisions of the act, but the question of consistent discharges was not present in the case.
The Indiana Supreme Court in Frampton held that a retaliatory discharge of an employee for asserting rights under its workmen's compensation act was in clear contravention of public policy because the court believed the threat of discharge was a "device" within the framework of § 22-3-2-15 Ind. Code Ann. (Burns 1971) [Ind.Ann.Stat. § 40-1215 (1965 Repl.)].
The Missouri Supreme Court reached a different conclusion in Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122 (1956) holding a provision in its workmen's compensation act, making it a crime for an employer to discharge or in any way discriminate against an employee for exercising any of his rights under the act, would not be construed as creating a new civil cause of action.
[2] The Texas Legislature has addressed this public policy question and the Texas Workmen's Compensation Law provides for a civil action for a retaliatory discharge. Texas Revised Civil Statutes Ann., Art. 8307c (Vernon Cumulative Supplement 1978):

Section 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.
Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.
Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.