Lucinda BERRY, Plaintiff,

v.

**LIBERTY NATIONAL LIFE INSURANCE COMPANY,** Defendant.

Civ. A. No. 3:94–cv–252WS.

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 30, 1995.

Everette Verhine, Vicksburg, MS, for plaintiff.

Walter J. Brand, Kenneth E. Milam, Jackson, MS, for defendant.

## *MEMORANDUM OPINION AND ORDER*

WINGATE, District Judge.

Before the court is the motion of defendant Liberty National Life Insurance Company ("Liberty National") in the above styled and numbered cause for summary judgment pursuant to Rule 56(b)[1] of the Federal Rules of Civil Procedure. The defendant contends that it is entitled to a dismissal of plaintiff's claim because under Mississippi law the plaintiff's claim is wholly without merit. Plaintiff herein, Lucinda Berry, sues Liberty National for "wrongful firing" or "wrongful termination" based upon an employment contract between the parties. The plaintiff's complaint relies wholly on Mississippi law and makes no reference whatsoever to any federal statute or any other federal basis for this lawsuit. This court has jurisdiction over this lawsuit pursuant to diversity of citizenship, 28 U.S.C. § 1332.[2] Since this court's

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides that, "a party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

2. Title 28 U.S.C. § 1332(a) provides that "(a) The district courts shall have original jurisdiction of

jurisdictional authority is premised upon diversity of citizenship, obeying the rubric of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court applies the substantive law of Mississippi to this dispute.

### THE FACTS ACCORDING TO THE DEFENDANT

According to the defendant Liberty National, plaintiff Lucinda Berry began working for the defendant on August 21, 1992. On August 31, 1992, says defendant, the plaintiff signed a contract setting out the terms of her employment which was entitled "Liberty National Life Insurance Company, Birmingham, Alabama, Agent's Contract." This contract is an unnumbered exhibit to the defendant's motion for summary judgment. Paragraph 6 of that one-page contract states "your employment may be terminated by you or by the Company at any time."

The defendant says that at the time the plaintiff began employment with the defendant, plaintiff's husband, Arnold Berry, also worked for the defendant. According to the defendant, a written company policy was in place at all times pertinent which made an individual whose spouse was an agent for a competing insurance company ineligible for employment with the defendant. So, says defendant, on August 20, 1993, when the plaintiff's husband left the defendant to begin working for a competing insurance company, approximately one week later, the plaintiff was given two weeks' notice of her termination pursuant to that policy. Subsequently, plaintiff brought this instant lawsuit against the defendant, alleging "wrongful firing" or "wrongful termination," but the plaintiff's complaint makes no reference to Title 42 U.S.C. § 2000e–5 or any other discrimination statute (age, handicap or otherwise).

### THE CONTRACT OF EMPLOYMENT

The defendant argues that the nature of the plaintiff's employment and the matter of termination are governed by the express contract entered into by the parties. No one disputes that the agent's contract signed by the plaintiff at the time of her employment provides that her employment might be terminated by her or by the company at any time. Thus, says defendant, this contract expressly created an employment which was terminable at will.

■ Defendant correctly points out that Mississippi follows the common law rule that an employment contract at will may be terminated at any time without justification. "This means either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract," citing *Kelly v. Mississippi Valley Gas Co.,* 397 So.2d 874 (Miss. 1981); *Montgomery Ward & Co. v. Skinner,* 200 Miss. 44, 25 So.2d 572 (1946); and *Butler v. Smith and Tharpe,* 35 Miss. 457 (1858). Defendant also cites *Samples v. Hall of Mississippi, Inc.,* 673 F.Supp. 1413, 1416 (N.D.Miss.1987); *Harrison County School Board v. Morreale,* 538 So.2d 1196, 1200 (Miss.1989); and *Perry v. Sears Roebuck & Co.,* 508 So.2d 1086, 1088 (Miss.1987). So, says defendant, because the plaintiff could be terminated at any time and for any reason under Mississippi law and under the terms of her contract, and because she has asserted no violation of any federal statute governing employment, she has no valid basis for her claim of wrongful termination.

### THE CONFLICT–OF–INTEREST EMPLOYMENT POLICY

Defendant also argues that it had an expressed policy in effect at the time plaintiff went to work for the defendant which provided that in the event an employee's spouse went to work for a competing insurance company, the employee could no longer work for Liberty National. This policy is set forth in the defendant's field procedures manual. Thus, says defendant, while it was entitled to discharge plaintiff for good cause, bad cause, or no cause at all, its reason for doing so was justified: plaintiff's husband, Arnold Berry, had gone to work for a competing company.

---

all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different States; ..."

### DEFENDANT'S CONCLUSION

As a general rule, says defendant, the Mississippi Supreme Court has continued its strict adherence to the employment-at-will rule. *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1089 (5th Cir.1992). The Mississippi Supreme Court has recognized only one narrow exception to this rule in cases where an employee's discharge results from the employee's refusal to commit an illegal act, or from the employee's reporting the company's illegal act. *See McArn v. Allied Bruce–Terminix Co.*, 626 So.2d 603, 607 (Miss.1993). There is no allegation or proof of any such circumstance in this case. Accordingly, says defendant, the at-will employment rule is fully applicable in this case, and plaintiff's wrongful termination claim is without merit and should be dismissed.

### PLAINTIFF'S RESPONSE

Plaintiff's brief in response cites no authority. The plaintiff does not contest the at-will provision in her contract, and she agrees that the defendant's conflict-of-interest policy was in existence at the time of her dismissal. Plaintiff merely states that she was not made aware of the defendant's conflict-of-interest policy when she was hired. Nevertheless, in her deposition, plaintiff recounts an event which placed her on notice of the policy. She testified that during a dispute between her husband and a manager over work procedures, that this manager told her of the conflict-of-interest policy at this time and noted that plaintiff's husband probably would not quit because of this policy.

Plaintiff's only other response in opposition to defendant's motion is that defendant was wrong to discharge her for something done by her husband.

### RULE 56

■ Defendant's motion is filed pursuant to Rule 56(b) and relies upon plaintiff's own sworn deposition testimony and exhibits thereto. Under Rule 56, summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper under Rule 56 if there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Nowlin v. Resolution Trust Corporation*, 33 F.3d 498 (5th Cir. 1994), citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). "The plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* This requires that a plaintiff "make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322, 106 S.Ct. at 2552.

The court here finds no factual dispute which would preclude a grant of summary judgment to the defendant.

### CONCLUSION

■ Since the plaintiff agrees that her contract had an "at-will" clause and that the conflict-of-interest policy of the defendant was in place, under Mississippi law plaintiff has no basis for a cause of action. Plaintiff has cited no authority to show otherwise and she makes no assertions in her complaint that this matter is governed in any way by 42 U.S.C. § 2000e.

Accordingly, this court grants defendant's motion for summary judgment. A separate judgment shall be entered in accordance with the local rules.

**SO ORDERED AND ADJUDGED.**