UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60157
Summary Calendar
_____

WILLIAM HAWKINS,

Plaintiff-Appellant,

versus

TORO COMPANY d/b/a Lawn-Boy,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:94 CV25 B D)
_____

August 4, 1995

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judges:[*]

        William Hawkins appeals the grant of summary judgment in
favor of Toro Company d/b/a Lawn-Boy in this employment termination
case.  Finding no error in the district court's judgment, we
affirm.

---

        [*]    Local Rule 47.5 provides:  "The publication of opinions that have no
precedential value and merely decide particular cases on the basis of well-settled
principles of law imposes needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined that this opinion
should not be published.

BACKGROUND

Hawkins was fired on October 28, 1993, for use of abusive language towards fellow employees in a break room after nine and a half years of employment. It is undisputed that there was no written employment contract. In fact, during appellant's orientation as a new employee, he was given a handbook after signing a receipt/acknowledgment which explicitly provided that his employment was at will and could be terminated by either party with or without notice and with or without cause.

Later versions of the company handbook, which Hawkins received, also contained an acknowledgment page which again served as a receipt and express disclaimer. In pertinent part, the page read as follows:

> This handbook does not represent a contract of employment, and my employment relationship with the company is an "at will" relationship which may be terminated at any time, by either party, with or without notice and with or without cause.

This page of the handbook provided a line for the employee's signature as well as one witness. Hawkins relies upon the uncontested fact that he did not sign this page upon receipt of the revised handbook.

Also of note in the handbook is a four-step progressive disciplinary system providing corrective action guidelines, escalating to termination, for certain misconduct. Toro did not follow these procedures in firing Hawkins.

On appeal, appellant claims the district court erred in granting summary judgment as the disciplinary system gave rise to

an employment contract which was subsequently breached when Hawkins was fired. Alternatively, appellant claims the employment handbook also gave rise to a duty of good faith and fair dealing which was breached as a result of the manner in which he was terminated.

## DISCUSSION

Mississippi follows the common law rule that "where there is no employment contract (or where there is a contract which does not specify the term of the worker's employment), the relation[ship] may be terminated at will by either party." Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992)(quoting Perry v. Sears, Roebuck & Co., 508 So.2d 1086, 1088 (Miss. 1987). The at-will doctrine means that either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract. Kelly v. Mississippi Valley Gas Co., 397 So.2d 874, 874-75 (Miss. 1981).

While Hawkins acknowledges the at will doctrine to be controlling, he nonetheless attempts to escape its application by arguing that Mississippi courts enforce handbook provisions prescribing a progressive disciplinary system, and to such extent, he had a contract with Toro. This argument fails as the Supreme Court of Mississippi in Perry, held that although personnel manuals can create contractual obligations, an express disclaimer of any employment obligations in the agreement will preclude an action for its alleged breach. Perry, 508 So.2d at 1088. See also Hartle v. Packard Elec., 626 So.2d 106 (Miss. 1993)(upholding summary judgment for employer because express disclaimer in handbook

3

negated contract claim); <u>Shaw v. Birchfield</u>, 481 So.2d 247 (Miss. 1985)(upholding summary judgment dismissing plaintiff's breach of contract claim, because contract expressly stated employment was terminable at-will).  Thus, the express disclaimer in the original receipt signed by Hawkins serves to preclude any reliance on provisions in the handbook.  Moreover, since the later versions of the handbook in effect at discharge contained the same language expressly disclaiming any intention to create a contract, and the appellant was on notice of such language, his failure to sign the later documents is not conclusive.  <u>Nichols v. City of Jackson</u>, 848 F.Supp. 718, 724 (S.D.Miss. 1994)(employee has duty to follow provisions of handbook that are reasonably believed to be current).[1]

Hawkins next tries to defeat the disclaimer he signed by relying upon <u>Bobbitt v. The Orchard, Ltd.</u>, 603 So.2d 356 (Miss. 1992), to develop his theory.  This argument fails, however, as the employment handbook upheld as giving rise to an implied contract in <u>Bobbitt</u> did not contain any disclaimer of the sort found in the matter <u>sub</u> <u>judice</u>.  Additionally, the court in <u>Perry</u>, held that validating a contradictory implied agreement in the face of an already existing express agreement would be "ludicrous."  <u>Perry</u>, 508 So.2d at 1088.

We also reject Hawkins's contention that the presence of both progressive disciplinary language and an express at-will

---

[1]     Appellant's argument that the disclaimer fails as it was not boldfaced or highlighted is contrary to the holdings of <u>Solomon</u>, <u>supra</u>, and <u>Shaw</u>, <u>supra</u> where each disclaimer precluded an action for breach despite appearing in regular font.

disclaimer evidenced an ambiguity in the "contract." First, there is no contract of employment. Second, the same argument has been rejected in other cases, e.g. Shaw, supra, and is no more valid here.

Hawkins also asserts that Toro breached its implied covenant of good faith and fair dealing as a result of the manner in which he was terminated. Mississippi courts have repeatedly held, however, that at will relationships are not governed by such a covenant. Hartle v. Packard Elec., 626 So.2d 106, 110 (Miss. 1993); Perry v. Sears, Roebuck & Co., 508 So.2d 1086, 1089 (Miss. 1987). This court has also observed that an implied covenant of good faith and fair dealing does not exist in Mississippi employment termination cases. Burroughs v. FFP Operating Partners, L.P., 28 F.3d 543, 547 (5th Cir. 1994). In light of these authorities, Hawkins cannot prevail.

Therefore, the judgment of the district court is **AFFIRMED.**