# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-00324-SCT

*SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY*

*v.*

*REGINA THOMAS AND PAM PILGRIM*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2019 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | DION JEFFERY SHANLEY |
| | W. THOMAS SILER, JR. |
| | JASON THOMAS MARSH |
| | ALAN M. PURDIE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | W. THOMAS SILER, JR. |
| | MALLORY KAYE BLAND |
| | GREGORY TODD BUTLER |
| | JASON THOMAS MARSH |
| ATTORNEYS FOR APPELLEES: | DION JEFFERY SHANLEY |
| | ALAN M. PURDIE |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 08/06/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     Former Southern Farm Bureau Life Insurance Company employees Regina Thomas

and Pam Pilgrim filed suit against the company claiming they were wrongfully discharged.

While recognizing Mississippi is an at-will-employment state, the former employees alleged

Southern Farm Bureau's employee handbook altered their at-will status. They insist the handbook conferred certain substantive and procedural rights, including the right not to be discriminated against based on gender and age, which they suggest they were denied. But upon review, the employee handbook expressly disclaimed the formation of any employment contract. So under Mississippi law, Thomas and Pilgrim remained at-will employees. This meant they could be fired for good reason, bad reason, or no reason at all, except for reasons independently declared legally impermissible.

¶2. Termination motivated by discrimination has been declared legally impermissible by federal statutory law. But here, Thomas and Pilgrim have disavowed any reliance on federal law in making their claim. Rather than having exhausted their administrative remedies—as is required when bringing a gender-discrimination claim—they ask this Court to create an exception to an already existing exception to the at-will doctrine. This requested action would allow them to avoid the express procedural requirements for federal discrimination claims. But this Court has recognized that creating exceptions to the at-will doctrine is a legislative concern, not a judicial task. Because Congress has already created a discrimination-based exception to the at-will doctrine—which Thomas and Pilgrim failed to pursue—we reject their request.

¶3. Taking the allegations in the complaint as true, Thomas and Pilgrim have no wrongful-termination claim. The employee handbook did not alter their at-will status, and they have abandoned the federal statutory discrimination exception to the at-will doctrine. The related claims in their complaint similarly fail as a matter of law. Thus, we reverse the

order denying Southern Farm Bureau's motion for summary judgment and render a judgment dismissing all claims against Southern Farm Bureau.

## Background Facts and Procedural History

¶4. Thomas and Pilgrim sued Southern Farm Bureau in the Circuit Court of Hinds County, Mississippi. Their nine-count complaint asserted claims of (1) wrongful discharge, (2) breach of contract, (3) breach of good faith and fair dealing, (4) negligence, (5) gross negligence, (6) defamation, (7) invasion of privacy, (8) intentional infliction of emotional distress, and (9) negligent infliction of emotional distress.

¶5. According to their complaint, before they were fired, both were long-term employees in Southern Farm Bureau's administrative-services department. They also had a separate cleaning company that contracted with Southern Farm Bureau. After an internal investigation into the cleaning company's invoices, Southern Farm Bureau terminated both women, accusing the two of theft and dishonesty.

¶6. Because the complaint alleged Thomas's and Pilgrim's terminations were "a pretextual means of avoiding federal proscriptions against gender discrimination," Southern Farm Bureau removed the complaint to federal court. But the federal court remanded the case to state court. It did so based on Thomas and Pilgrim's express assertions that they were bringing claims based solely on Mississippi law. According to the federal court's remand order, Thomas and Pilgrim "maintain[ed] . . . that they have not asserted their claims under federal law and are instead traveling solely under state law to enforce their right, based on the public policy of Mississippi and/or arising under the antidiscrimination provisions of

3

Southern Farm Bureau's employee handbook, to be free from discrimination based on gender and/or age."

¶7. Following remand, Southern Farm Bureau filed a motion to dismiss the complaint under Mississippi Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Mississippi Rule of Civil Procedure 56(c). Southern Farm Bureau argued Thomas and Pilgrim had no viable claim for wrongful termination under the employee handbook or Mississippi law.[1]

¶8. At the motion hearing, the parties discussed with the court whether to treat the pending motion as a motion to dismiss on the pleadings or a summary judgment motion. Both parties submitted a document outside the pleadings. Southern Farm Bureau attached to its motion a copy of the written disclaimer in the employee handbook. And later it submitted the entire handbook. Thomas and Pilgrim responded with an affidavit by Thomas.

---

[1] In affirming the denial of Thomas and Pilgrim's request for fees related to the remand of their lawsuit to state court, the Fifth Circuit recognized that Southern Farm Bureau had an "objectively reasonable basis for seeking removal" to federal court. ***Thomas v. S. Farm Bureau Life Ins. Co.***, 751 F. App'x 538, 540 (5th Cir. 2018). As support, the Fifth Circuit noted, "only federal law offers relief for plaintiffs' 'wrongful discharge' claim." ***Id.*** "Mississippi law does not recognize claims of age or gender (sex) discrimination." ***Id.*** at 541. As the Fifth Circuit put it, "[t]here is no state antidiscrimination statute[.]" ***Id.*** (citing ***Pegues v. Miss. State Veterans Home***, No. 3:15-CV-00121-MPM-JMV, 2017 WL 3298684, at *5 (N.D. Miss. Aug. 2, 2017)). "[A]nd Mississippi 'follow[s] the common-law rule of at-will employment.'" ***Id.*** (quoting ***Swindol v. Aurora Flight Scis. Corp.***, 194 So. 3d 847, 849 (Miss. 2016)). "Thus, 'wrongful-discharge suits in Mississippi generally must be based upon written employment contracts.'" ***Id.*** (quoting ***Cmty. Care Ctr. of Aberdeen v. Barrentine***, 160 So. 3d 216, 217 (Miss. 2015)).

4

¶9.     Following the hearing, the circuit court summarily denied the motion. This Court granted Southern Farm Bureau's petition to file an interlocutory appeal.

## Standard of Review

¶10.    Procedurally, we approach Southern Farm Bureau's motion as a summary judgment motion under Rule 56(c), viewing the evidence submitted to the trial court in the light most favorable to Thomas and Pilgrim, the nonmovants. *Hyde v. Martin*, 264 So. 3d 730, 734 (Miss. 2019). But because there has been no discovery, we take as true the allegations in the complaint to the extent they are consistent with the evidence in the record, similar to a Rule 12 motion to dismiss. *See Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006) (standard of review for motion to dismiss).

¶11.    Under Rule 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). This Court reviews de novo the denial of Southern Farm Bureau's motion for summary judgment. *Hyde*, 264 So. 3d at 734. With this standard in mind, we reverse the denial of summary judgment and render a judgment in Southern Farm Bureau's favor.

## Discussion

### I.    Wrongful-Discharge Claims

¶12.    Southern Farm Bureau argues Thomas and Pilgrim have no claim for wrongful discharge based on Mississippi's at-will-employment doctrine. In response, Thomas and

5

Pilgrim concede Mississippi follows the longstanding common law rule of at-will employment. *Swindol v. Aurora Flight Scis. Corp.*, 194 So. 3d 847, 850 (Miss. 2016) (citing *Kelly v. Miss. Valley Gas Co.*, 397 So. 2d 874, 874-75 (Miss. 1981); *Butler v. Smith*, 35 Miss. 457 (1858)).  Under the at-will-employment doctrine, "absent an employment contract expressly providing to the contrary, an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible." *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 606 (Miss. 1993) (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 254 (Miss. 1985)).

### A.    Employee Handbook

¶13.    Still, Thomas and Pilgrim argue Southern Farm Bureau "abrogated" the at-will doctrine.  They point to the company's comprehensive employee handbook, which covered antidiscrimination, progressive discipline, and employee investigations.  They base their claims of wrongful discharge, breach of contract, breach of good faith and fair dealing, negligence, and gross negligence specifically and exclusively on the employee handbook.  And they claim these handbook provisions conferred substantive and procedural rights.  As support, they cite *Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356, 361 (Miss. 1992).  In *Bobbitt*, this Court held that an employee manual detailing discipline and termination had become part of an employment contract that had to be followed.  But there is a material difference between the handbook in *Bobbitt* and the one here.  In *Bobbitt*, there was "no express disclaimer or contractual provision that the manual did not affect the employer's right to

6

terminate the employee at will . . . ." **Id.** at 362. Here, by sharp contrast, Southern Farm Bureau's employee handbook began with the express disclaimer, "This handbook is not a contract of employment . . . ." Thomas and Pilgrim admit this disclaimer exists but dismiss it as "boilerplate." Essentially, they ask this Court to ignore the express provision at the front of the handbook that warns the handbook is not a contract. They prefer we overlook this disclaimer and elevate the handbook's remaining provisions to the status of a binding employment contract. But their request collides with the handbook's language. It also contradicts existing law that the at-will-employment doctrine can be altered only by "an employment contract *expressly* providing to the contrary." **McArn**, 626 So. 2d at 606 (emphasis added).

¶14.    Southern Farm Bureau's employee handbook expressly stated that Thomas and Piglrim's at-will status was not being altered. Consequently, their claims for wrongful discharge, breach of contract, breach of good faith and fair dealing, negligence, and gross negligence fail as a matter of law.

¶15.    We dismiss these claims.

### B.    Public Policy

¶16.    Alternatively, Thomas and Pilgrim ask this Court to create a common-law cause of action for wrongful termination based on an "existing yet dormant public policy against age and/or gender discrimination."

¶17.    Importantly, Thomas and Pilgrim are not asking that we finally recognize a cause of action based on discrimination in the workplace. Indeed, such actions already exist. Title

7

VII of the Civil Rights Act of 1964 prohibits adverse employment decisions motivated by sex discrimination. 42 U.S.C. § 2000e *et seq.* (2012). And the Age Discrimination in Employment Act of 1967 protects older employees against discrimination. 29 U.S.C. § 621 *et seq.* (2012). So under these statutes, Mississippi employees wrongfully terminated from their jobs due to sex and/or age discrimination already have the ability to sue their former employers in Mississippi courts.[2] *E.g.*, **Cash Distrib. Co. v. Neely**, 947 So. 2d 286 (Miss. 2007) (former employee brought wrongful-termination action under ADEA alleging age discrimination); **Partain v. Sta-Home Health Agency of Jackson, Inc.**, 904 So. 2d 1112, 1116 (Miss. Ct. App. 2004) (former employee brought wrongful-termination action under Title VII alleging her termination was motivated by her gender and her pregnancy). As with other statutory causes of action, employees are required first to exhaust their administrative remedies—namely, by filing a complaint with the Equal Employment Opportunity Commission. Apparently, Thomas and Pilgrim failed to do this. That is why they abandoned any federal-law claim when their lawsuit was removed to federal court.

¶18. In other words, by asking this Court to *judicially* carve out a public-policy exception to the at-will doctrine based on discrimination, Thomas and Pilgrim are really seeking a new common-law alternative to federal statutory claims. They are requesting this—not because Title VII and the ADEA do not sufficiently protect their rights or align with Mississippi public policy—but because they did not properly pursue these statutory claims.

---

[2] "State courts have concurrent jurisdiction with federal district courts over Title VII cases." **Burks v. Amite Cty. Sch. Dist.**, 708 So. 2d 1366, 1371 (Miss. 1998) (citing **Yellow Freight Sys., Inc. v. Donnelly**, 494 U.S. 820, 824-825, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990)).

8

¶19.  In only two circumstances has this Court recognized a common-law tort based on "a narrow public policy exception to the employment at will doctrine."[3]  *McArn*, 626 So. 2d at 607.  In all other cases, we have deferred to the legislative process to create exceptions to the at-will doctrine.  *E.g.*, *Swindol*, 194 So. 3d at 852 (observing there was no need to "judicially graft another 'exception' to the employment-at-will doctrine . . . because the Legislature already has"); *Kelly v. Miss. Valley Gas Co.*, 397 So. 2d 874, 876 (Miss. 1981) ("Plaintiff's arguments in favor of a cause of action for retaliatory discharge under the facts alleged in his bill have considerable appeal.  However, the merits of his arguments are clearly for the Legislature to assess, not the judiciary.").  Indeed, this Court's expression of the at-will doctrine recognizes creating exceptions is a legislative task. Under the at-will doctrine, "an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, *excepting only reasons independently declared legally impermissible*."  *McArn*, 626 So. 2d at 606 (emphasis added) (quoting *Shaw*, 481 So. 2d at 254); *see also Kelly*, 397 So. 2d at 875 (recognizing that "the harshness of the terminable at will rule is subject to

---

[3] These exceptions are:

> (1) an employee who refuses to participate in an illegal act . . . shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; [and]

> (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

*McArn*, 626 So. 2d at 607.

exception in light of express legislative action" (quoting ***Green v. Amerada-Hess Corp.***, 612 F.2d 212, 214 (5th Cir. 1980))).

¶20.     Terminations motivated by sex and age discrimination have already been "independently declared legally impermissible" under Title VII and the ADEA. ***McArn***, 626 So. 2d at 606. So, as in ***Swindol***, there is no void necessitating this Court "judicially graft another 'exception' to the employment at-will-doctrine" because exceptions for sex and/or age discrimination already exist. ***Swindol***, 194 So. 3d at 852. Taking as true Thomas and Pilgrim's allegations that the given reason for their terminations was a pretext for gender and age discrimination, Thomas and Pilgrim had a cause of action under federal law. But they failed to properly pursue it. And when facing a federal judge—when their case was removed to district court—they affirmatively disavowed seeking a federal remedy. For this reason, we decline to grant their request to judicially create a common-law cause of action—or an exception to an already existing exception—advanced seemingly to skirt the procedural requirements of their statutory cause of action.

## II.     Defamation and Invasion-of-Privacy Claims

¶21.     In addition to claims related to wrongful discharge, Thomas and Pilgrim asserted claims for defamation and invasion of privacy (false light). They based these allegations on assertions that Southern Farm Bureau told its employees the two were terminated for stealing money from the company. We dismiss these claims too.

¶22.     Both defamation and invasion of privacy are subject to the defense of privilege. ***Young v. Jackson***, 572 So. 2d 378, 383 (Miss. 1990). And this Court recognizes a qualified

privilege for statements made in the context of the employer/employee relationship. *Id.* Taking the allegations in Thomas and Pilgrim's complaint as true, Southern Farm Bureau's communications to its employees about why Thomas and Pilgrim were terminated fell under this privilege.

¶23. Thomas and Pilgrim allege Southern Farm Bureau employees in turn "disseminated that information to the general public including members of the church where Plaintiff Thomas' family members attend." While these alleged outside-of-work communications would not have been privileged, they also are not attributable to Southern Farm Bureau, the only defendant named in the complaint. Allegedly gossiping to non-coworkers about former coworkers in social gatherings such as Sunday School is outside the course and scope of employment. Such activity neither "carr[ies] out the employer's purpose of the employment," nor is it "in furtherance of the employer's business." *Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 361-62 (Miss. 2004) (citing *Seedkem South, Inc. v. Lee*, 391 So. 2d 990, 995 (Miss. 1980). So Southern Farm Bureau cannot be liable for these individuals' allegedly defamatory and tortious rumors.

### III. Emotional-Distress Claims

¶24. Finally, we also dismiss Thomas and Pilgrim's claims of intentional infliction and negligent infliction of emotional distress. Their claim for negligent infliction of emotional distress is barred by the exclusivity provision of the Mississippi Workers' Compensation Act. *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013). And "damages for intentional infliction of emotional distress are usually not recoverable in mere employment disputes."

11

*Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (Miss. Ct. App. 2004). "Only in the most unusual cases does the conduct move out of the 'realm of an ordinary employment dispute' into the classification of 'extreme and outrageous,' as required for the tort of intentional infliction of emotional distress." *Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994) (citations omitted). Thomas and Pilgrim fail to allege "conduct . . . 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Bowden*, 120 So. 3d at 980 (quoting *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996)).

### Conclusion

¶25.   For these reasons, we reverse the trial court's decision and render a judgment dismissing all claims against Southern Farm Bureau.

¶26.   **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**