**David LAWS, Plaintiff,**

v.

**AETNA FINANCE COMPANY, ITT Consumer Financial Corporation, American Bankers Life Assurance Company, ITT Life Insurance Corporation, ITT Lyndon Life Insurance Company, ITT Lyndon Property Insurance Company, Charles C. Pratt and Brian P. Brouillard, Defendants.**

**Civ. A. No. GC 84–231–D–D.**

United States District Court,
N.D. Mississippi,
Greenville Division.

July 17, 1987.

H.L. Merideth, Jr., Greenville, Miss., Larry S. Bush, University, Miss., for plaintiff.

Fred C. DeLong, Jr., Jerome C. Hafter, Greenville, Miss., for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is presently before the court on the motion for summary judgment of defendants Aetna Finance Company, ITT Consumer Financial Corporation, Charles C. Pratt and Brian P. Brouillard. Having reviewed the briefs, depositions, exhibits and being otherwise fully advised in this matter, the court is in a position to rule on defendants' motion.

### I

#### Background

The plaintiff, David Laws (Laws), is a 43 year-old resident of Washington County, Mississippi. He was first employed by defendant Aetna Finance Corporation (Aetna) on April 28, 1975 at Aetna's branch in Hattiesburg, Mississippi. Laws was hired as assistant branch manager and later promoted to branch manager on May 26, 1975. In February or March 1977, Laws was transferred to Aetna's branch office in Greenville, Mississippi where he was employed as branch manager until his discharge on September 6, 1983.

Laws was allegedly discharged at that time by Aetna because he would not "pack" insurance policies with loans that he made on behalf of Aetna to borrowers in the State of Mississippi, or because Laws failed to meet Aetna's required penetration (sales volume) for such "packing". Packing is a practice of adding various forms of insurance coverage to a borrower's loan package, collecting a premium for said coverage, and through deceptive dealings or practices, neither informing the borrower that the loan repayment schedule includes the cost of insurance nor offering the borrower an opportunity to decline such coverage. Compliance with the purported packing requirement would, Laws says, violate not only the federal Truth-In-Lending Act,

15 U.S.C.A. § 1601 *et seq.*, but also Mississippi's Small Loan Regulatory Law, § 75–67–101 *et seq.*, Miss.Code Ann. (1972). Such unlawful and unconscionable conduct, if proven, could subject Laws to civil, 15 U.S.C.A. § 1640, and criminal penalties, 15 U.S.C.A. § 1611.

This action was originally filed in the Circuit Court for Washington County, Mississippi in August 1984. Aetna removed the action to this court in September 1984 based on diversity of citizenship.

Relying on a firm belief that it is clear as a matter of law that Laws has no cause of action under Mississippi law for wrongful termination, neither Aetna nor the other defendants bringing this motion have contested or disputed Laws' factual allegations. In effect, Aetna says that even if Laws could prove that he was terminated for refusal to conduct unsavory and possibly illegal business practices on behalf of his employer, Laws has no grounds for suit because he was an at-will employee terminable at Aetna's whim. The court is not prepared to place itself in the unseemly position of condoning possibly illegal activity on the part of an employer by allowing such activity to stand as grounds for an employee's termination. Even an at-will employee should not be called upon to choose between abiding by the law or forfeiting his employment. Accordingly, defendants' motion for summary judgment will be denied for the reasons more fully set out below.

## II

### Applicable Law

The court is of the opinion that the Mississippi Supreme Court has not previously decided a case applicable or similar to the case *sub judice.* From all indications, this is a matter of first impression under Mississippi law. It is unfortunate indeed that the matter did not remain before a Mississippi court for resolution. Laws seeks here the recognition of a public policy exception to the terminable at will doctrine where an employee is asked to perform illegal acts on behalf of his employer. Although no Mississippi court has previously reviewed a

case coming on in this posture, the court is prepared to make its *Erie*-bound guess in favor of hearing the merits of Laws' complaint at trial. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The current Mississippi law is clearly that an employment for an indefinite term not supported by any consideration to the employer except the rendition of services in exchange for wages is an employment at will, terminable at any time by either party. *See Shaw v. Burchfield*, 481 So.2d 247 (Miss.1985); *Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874 (Miss.1981); *Montgomery Ward & Co. v. Skinner*, 200 Miss. 44, 25 So.2d 572 (1946); *Rape v. Mobile & O.R. Co.*, 136 Miss. 38, 100 So. 585 (1924). The State of Mississippi has followed this rule for over 100 years. *See Butler v. Smith & Tharpe*, 35 Miss. (6 Geo.) 457 (1858).

While it is not the province of this court to create new law for Mississippi, *Green v. Amerada-Hess Corp.*, 612 F.2d 212 (5th Cir.1980), *cert. denied*, 449 U.S. 952, 101 S.Ct. 356, 66 L.Ed.2d 216 (1980), the court is permitted to "reach the decision that we think a state court would reach." *Dipascal v. New York Life Ins. Co.*, 749 F.2d 255, 260 (5th Cir.1985). Additionally, as the Fifth Circuit has recently cautioned, in the *Erie* context: "We are emphatically not permitted to do merely what *we* think best; we must do that which we think the Mississippi Supreme Court would deem best." (emphasis in original) *Jackson v. Johns-Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir.1986). In the opinion of the court, the Mississippi Supreme Court would not find that Aetna is entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c), thus any ruling on the dispositive issues of this case must be deferred at this juncture.

The Fifth Circuit recently provided a framework for resolving cases which present an *Erie* guess situation in *Jackson v. Johns-Manville Sales Corp.* Although the Fifth Circuit was concerned with how an appellate court would make an *Erie* guess when called upon to do so, the court

believes the framework set out in *Jackson* is helpful here.

> When making an *Erie* guess in the absence of specific guidance from the Mississippi Supreme Court, our prediction of state law looks to: (1) lower state court decisions and Supreme Court dicta, (2) the lower court ruling in this case, (3) the general rule on the issue, (4) the rule in other states looked to by Mississippi courts when they formulate the substantive law of Mississippi, and (5) other available legal sources, such as treatises and law review commentaries.

*Jackson,* 781 F.2d at 397. The court now addresses each of these sources as they apply to the present case.

## A. Lower State Court Decisions and Supreme Court Dicta

■ There are no lower court decisions available to the court on the issue presented herein, i.e., whether an employee may state a cause of action for wrongful discharge based on his refusal to participate in the unlawful enterprise of his employer. Dicta from Mississippi Supreme Court cases, however, persuades the court that the Mississippi court would recognize a cause of action under the circumstances alleged here, changing direction from its previous unaltered adherence to the rule stated in *Kelly, supra.*

The court first addresses defendants' argument that *Kelly* is the indisputable and indefeasible law in Mississippi on employment at will, now and forevermore. The court does not agree that *Kelly* should be construed so broadly. Rather, there are less expansive interpretations of the *Kelly* decision which differ significantly from defendants' view of that case.

One interpretation, which Laws contends is correct, is that *Kelly* simply reflected judicial unwillingness to tamper with a detailed statutory scheme that regulated one aspect of the employer-employee relationship. This was a scheme under which the Legislature had chosen to provide employees some workers' compensation rights and remedies, but not a remedy for retaliatory discharge. Language from *Kelly* is consistent with this interpretation, as the Supreme Court said: "In our view, if we adopted the public policy exception requested in this case [recognizing a cause of action for retaliatory discharge for filing a workers' compensation claim] we would be expressing a public policy different from that expressed by the Legislature in our Workmen's Compensation Law." *Id.* at 877. The Mississippi court also suggested that its review of the employment at-will rule in *Kelly* was limited to the workers' compensation context:

> Our Workmen's Compensation Law does not contain a provision for retaliatory discharges, nor does it contain a provision for making it a crime for an employer to discharge an employee for filing a claim. If we create the remedy sought by plaintiff in this cause, we would thereby *engraft on the law* an exception different from that expressed by the Legislature. (emphasis added)

*Id.* at 876. The instant case presents no problem of engrafting an exception onto any existing statutory law, since the terminable at will doctrine is a judicially created one and can thus be modified by the judiciary.

A secondary view of *Kelly* is that the public policies underlying Laws' discharge are not contained in any statutory scheme as to which there was any basis for assuming that either Congress or the Mississippi Legislature would have contemplated the need for an anti-retaliation provision. Unlike the Workers' Compensation Law involved in *Kelly,* the public policies embodied in the statutes at issue here (Truth-in-Lending Act and Small Loan Regulatory Act) are designed to establish a clear public policy that consumers of credit covered by the statutes are to be given protection. Such manifest public policy should not be lightly regarded nor frustrated by refusing to grant an employee who seeks to comply with those laws a cause of action for being discharged for just that reason.

Aetna does not dispute that these are viable interpretations of *Kelly,* but argues only that since there has been no change in Mississippi's law on termination of at-will

employees in any regard by the courts, there is likely never to be a change without legislative action. The focal point of the defendants' argument, then, is that even when at-will employees are discharged for refusing to engage in unlawful practices harmful to the public, not simply for exercising statutory rights given to them as employees as in *Kelly*, the courts are powerless to fashion any relief at common law. The defendants' argument can be further reduced to the contention that under Mississippi's law there can never be a modification of the employment-at-will rule unless it is made by the Legislature. This argument completely ignores the fact, however, that the employment-at-will rule itself was created and clarified by the Mississippi Supreme Court in *Butler* and *Rape, supra*, and merely applied to the workers' compensation law in *Kelly*. The proposed legislation which defendants offer as evidence of the Legislature's unwillingness to create a cause of action for wrongful discharge is deemed inapposite. These unsuccessful bills are limited primarily to the workers' compensation context, which is not involved in the present case.

The Mississippi court has already stated in dicta that it is prepared to reconsider Mississippi's common law employment-at-will rule and to vary from its previous unswerving adherence to the harsh rule adopted in *Kelly* when the appropriate case is presented. For example, in *Shaw v. Burchfield*, the Mississippi court said:

> [W]e are not unaware of the broadside attack in recent years made upon the idea of at will termination of employment contracts.... Such contracts in form are reciprocal in that either party may terminate at will. Still, *we may not remain insensitive* to the fact that the impact of termination upon the employee is in general more adverse in a way that is qualitatively different than what the employer experiences when it is the employee who walks off the job.... *Were this a case where no employment contract established expressly the ground rules* for termination and where the employer was calling upon the state to furnish the law which authorized termi-

nation, we might well be charged to reconsider the at will termination rule. (emphasis added)

*Id.* 481 So.2d at 253–54. This language may be interpreted as a signal that the Mississippi court is leaving the possibility of amending the termination at will rule open for a suitable case in which to modify the harsh and unequivocal nature of the rule.

The Mississippi Supreme Court's latest look at the employment at will rule, *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss.1987), further suggests the court's willingness to modify its holding in *Kelly* when the appropriate factual situation is presented. In *Perry*, Justice Anderson wrote for the court:

> The appellant is essentially asking us to overrule *Kelly*. Even if we should do so, it is not clear how this particular appellant would benefit from it.... We therefore conclude that *this case does not present* us with *an appropriate occasion* to work a major change in our jurisprudence by reconsidering the rule of *Kelly*. (emphasis added)

At 1090. The court is of the opinion that the Mississippi Supreme Court would view the case *sub judice*, where an employee at-will has allegedly been discharged for refusal to commit illegal acts on behalf of his employer, as an appropriate situation in which to create a narrow public policy exception to the termination at will rule.

### B. The Lower Court Ruling in this Case

This step of the Fifth Circuit's analysis of an *Erie* guess problem is not applicable to a trial court making the initial findings and conclusions in a case.

### C. The General Rule on the Issue

■ If the "general rule" is perceived as the general rule in Mississippi, then of course *Kelly* is the general rule. *Kelly*, however, is not helpful in this case because it is not directly on point and provides no specific guidance. If the general rule is thus construed to mean the majority rule, then the general rule on the existence of exceptions to the terminable at will rule is

that an employee does have a cause of action either in tort for wrongful discharge or in contract for breach of contract. There are currently 25 states recognizing a cause of action either in tort or in contract for wrongful discharge of an at-will employee, including eight Southern states,[1] seven Western states,[2] six Atlantic states,[3] and four Mid-Western states.[4] Even in *Perry*, the Mississippi court admitted that "[only a] minority of states join Mississippi in refusal to recognize any exception." *Perry*, at 1090.[5]

Without question, the general rule is that there are situations justifying exceptions to the termination at will rule, as well there should be. The harsh and unbending nature of the rule is ample evidence of its antiquity in these more enlightened times. As Justice Kilgarin wrote, concurring with the Texas Supreme Court's abandonment of an absolute rule:

> Absolute employment at will is a relic of early industrial times, conjuring up visions of the sweat shops described by Charles Dickens and his contemporaries. The doctrine belongs in a museum, not in our law. As it was a judicially promulgated doctrine, this court has the burden and the duty of amending it to reflect social and economic changes.

*Sabine, supra,* 687 S.W.2d at 735 (Kilgarin, J., concurring).

## D. The Rule in Other States Looked to by Mississippi Courts When They Formulate the Substantive Law of Mississippi

In *Green v. Amerada-Hess Corp., supra,* the Fifth Circuit suggested a geographic proximity test to determine which states Mississippi would look to in formulating its substantive law, *Green*, 612 F.2d at 214. If that test is used here, the court would look to Alabama, Louisiana, Tennessee, and perhaps Florida in attempting to ascertain the rule Mississippi would adopt. As indicated above,[6] Louisiana's civil code contains an employment at will provision and it is unlikely that the Mississippi courts

---

1. Arkansas, *Scholtes v. Signal Delivery Service, Inc.,* 548 F.Supp. 487 (W.D.Ark.1982) (applying Arkansas law); Kentucky, *Scroghan v. Kraftco Corp.,* 551 S.W.2d 811 (Ky.App.1977); North Carolina, *Sides v. Duke University,* 74 N.C.App. 331, 328 S.E.2d 818 (1985); South Carolina, *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 337 S.E.2d 213 (1985); Tennessee, *Clanton v. Cain-Sloan Co.,* 677 S.W.2d 441 (Tenn.1984); Texas, *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985), Virginia, *Bowman v. State Bank of Keysville,* 229 Va. 534, 331 S.E.2d 797 (1985); and West Virginia, *Harless v. First National Bank,* 162 W.Va. 116, 246 S.E.2d 270 (1978).

2. Arizona, *Larsen v. Motor Supply Co.,* 117 Ariz. 507, 573 P.2d 907 (App.1977); California, *Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (2d Dist.1980); Hawaii, *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625 (1982); Idaho, *Jackson v. Minidoka Irrig. Dist.,* 98 Idaho 330, 563 P.2d 54 (1977); Montana, *Keneally v. Orgain,* 186 Mont. 1, 606 P.2d 127 (1980); Oregon, *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975); and Washington, *Thompson v. St. Regis Paper Co.,* 102 Wash.2d 219, 685 P.2d 1081 (1984).

3. Connecticut, *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980); Maryland, *Adler v. American Standard Corp.,* 291 Md. 31, 432 A.2d 464 (1981); Massachusetts, *Fortune v. National Cash Register Co.,* 373 Mass. 96, 364 N.E.2d 1251 (1977); New Hampshire, *Howard v. Dorr Woolen Co.,* 120 N.H. 295, 414 A.2d 1273 (1980); New Jersey, *Pierce v. Ortho Pharmaceutical Corp.,* 84 N.J. 58, 417 A.2d 505 (1980); and Pennsylvania, *Reuther v. Fowler & Williams, Inc.,* 255 Pa.Super. 28, 386 A.2d 119 (1978).

4. Illinois, *Palmateer v. International Harvester,* 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981); Indiana, *Campbell v. Eli Lilly & Co.,* 413 N.E.2d 1054 (Ind.App.1980), transfer den'd. (Ind.) 421 N.E.2d 1099; Missouri, *Beasley v. Affiliated Hospital Products,* 713 S.W.2d 557 (Mo.App.1986); and Wisconsin, *Ward v. Frito-Lay, Inc.,* 95 Wis.2d 372, 290 N.W.2d 536 (App. 1980).

5. Those states joining Mississippi at present in refusing to allow any deviation from the termination at will rule are: Alabama, *Meeks v. Opp Cotton Mills, Inc.,* 459 So.2d 814 (Ala.1984); Florida, *De Marco v. Publix Supermarkets, Inc.,* 360 So.2d 134 (Fla.App.1978), *aff'd.,* 384 So.2d 1253 (Fla.1980); and Georgia, *Jones v. International Union of Operating Engineers,* 159 Ga. App. 693, 285 S.E.2d 30 (1981), *rev'd.,* 460 U.S. 669, 103 S.Ct. 1453, 75 L.Ed.2d 368 (1983), *on remand,* 166 Ga.App. 723, 306 S.E.2d 99 (1983). Louisiana also recognizes no public policy exception to the employment at will rule, but this rule is codified in Louisiana's Civil Code, La Civ.Code Ann., art. 2747 (West 1986).

6. *See,* note 5, *supra.*

**348**

would look to Louisiana instead of the nearby common law jurisdictions in formulating substantive law. Of the common law jurisdictions located geographically close to Mississippi, Alabama and Florida have not presently allowed any exception to the termination at will rule.[7] Tennessee, on the other hand, does recognize a public policy exception to termination at will, following the majority in this regard.[8] Tennessee's exception even involves retaliatory discharge. *Clanton, supra.*

The Fifth Circuit has indicated that where an *Erie*-guess is required, "[a]bsent evidence to the contrary, we presume that Mississippi courts would adopt the prevailing rule if called upon to do so." *Hensley v. E.R. Carpenter Co.*, 633 F.2d 1106, 1109 (5th Cir.1980). The prevailing rule on employment at will appears to be that where a clear mandate of public policy is violated by an employee's discharge, a cause of action for wrongful termination does arise. The court finds no contrary evidence that Mississippi would reject the opportunity presented in this case to adopt a narrow public policy exception to the termination at will doctrine, given a factual situation in which an at-will employee is discharged for refusing to commit unlawful acts for his employer.

### E. Other Available Legal Sources, Such as Treatises and Law Review Commentaries

Commentators have been calling for exceptions to the termination at will rule for many years. *See generally,* Comment, *The Unfairness of Federal Preemption of State Law Exceptions to the Employment-at-Will Rule and the Need for a Uniform National Remedy for Wrongful Discharge,* 55 Miss.L.J. 517 (1985); Note, *Protecting Employees At Will Against Wrongful Discharge: The Public Policy Exception,* 96 Harv.L.Rev. 1931 (1983); Comment, *Protecting Employees At Will Against Wrongful Discharge: The Duty to Terminate Only in Good Faith,* 93 Harv.L.Rev. 1816 (1980); Note, *A Common Law Action for the Abusively Dis-*

*charged Employee,* 26 Hasting L.J. 1435 (1975); Blades, *Employment at Will v. Individual Freedom: On Limiting the Abusive Exercise of Employer Power,* 67 Colum.L.Rev. 1404 (1967). Those calling for an end to the employment at will doctrine argue that the rule has outlived its usefulness. *See,* Comment, *The Unfairness of Federal Preemption of State Law Exceptions to the Employment-At-Will Rule and the Need for a Uniform National Remedy For Wrongful Discharge,* 55 Miss.L.J. at 538. This is especially true where an employee's discharge is motivated by his refusal to perform illegal acts for his employer. As one writer notes:

> [I]f the state makes certain conduct illegal, it would be in the best interest of the state to encourage employees to refrain from breaking the law at the request of their employers by providing them a remedy should they be discharged for refusing to obey their employers' illegal commands.

Annot., 9 A.L.R. 4th 329, 332. The North Carolina Court of Appeals in recognizing a cause of action for wrongful discharge where an employee was asked to testify falsely or incompletely by her employer, expressed the view that public policy and public interests should take precedence over the rights of an employer to discharge employees at will:

> If we are to have law, those who so act against the public interest must be held accountable for the harm inflicted thereby; to accord them civil immunity would incongruously reward their lawlessness at the unjust expense of their innocent victims.

*Sides,* 328 S.E.2d at 826. The court agrees with this view.

■ Based on all the criteria which the Fifth Circuit has suggested should be used in making an *Erie*-guess, the court concludes that the Mississippi Supreme Court would recognize a limited public policy exception to the employment-at-will rule where an employee alleges that his discharge was motivated by a refusal to en-

---

**7.** *See* note 5, *supra.*

**8.** *See* note 1–4, *supra.*

gage in illegal acts for his employer. The court wishes to emphasize that the exception involved here is very limited. The exception extends only to the facts involved in the case *sub judice* and should not be read as indicating a total abandonment of the employment at will rule. As the Texas Supreme Court said in adopting a similar exception in *Sabine, supra:* "[This] narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Id.* 687 S.W.2d at 735. It will still be plaintiff's burden to prove at trial that his discharge was motivated by no other reason than his failure to "pack" insurance policies with loans, as he alleges here. The defendants' motion for summary judgment, therefore, must be denied because the court finds that defendants are not entitled to judgment as a matter of law. An order consistent with this opinion will issue.