Richard H. RUSSELL, Plaintiff,

v.

SCHERING–PLOUGH
CORPORATION, Defendant.

Civ. A. No. J89–0451(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 19, 1989.

Crymes G. Pittman, Jackson, Miss., for plaintiff.

Jack Stewart, Memphis, Tenn., M. Curtiss McKee, Jerrald L. Shivers, Tim W. Lindsay, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Schering–Plough Corporation to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Richard H. Russell has responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.

In April 1989, after having been employed by the defendant for approximately five years as a pharmaceutical sales representative, plaintiff was discharged from his employment. He brought this action seeking damages based on defendants' having "wrongfully and without justification or arguable reason terminated" his employment. Defendant has moved to dismiss for failure to state a claim relying on "Mississippi's adherence to the common law rule that where there is no employment contract (or where there is a contract which does not specify the term of the worker's employment), the relation may be terminated at will by either party." *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086, 1088 (Miss. 1987). This termination at will doctrine, a fixture of Mississippi jurisprudence for over one hundred years, remains intact. *See Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874, 975 (Miss.1981); *Rape v. Mobile & O.R. Co.*, 136 Miss. 38, 100 So. 585 (1924). Thus,

the employee can quit at will; the employer can terminate at will. This means either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract.

*Kelly*, 397 So.2d at 875. Though the Mississippi Supreme Court has in *dicta* questioned the wisdom of an inflexible, across-the-board application of the termination at will doctrine, the court has to date found no occasion to abandon the principle in whole or in part. *See Perry*, 508 So.2d at 1090.

Despite plaintiff's acknowledgement of the present state of Mississippi law, he contends that the circumstances of his termination justify recognition and application of a public policy exception to the termination at will rule. In support of his argument, plaintiff relies on *Laws v. Aetna Finance Co.*, 667 F.Supp. 342 (N.D.Miss. 1987), in which the court recognized a "very limited" public policy exception allowing suit for wrongful discharge in a case where the "sole reason" for the discharge was that the employee refused to perform an illegal act for his employer. *Id.* at 349. The court there ventured an *Erie*-guess that under those peculiar circumstances, the Mississippi Supreme Court

would embrace a public policy exception. *Cf. Gordon v. Tenneco Retail Service Co.,* 666 F.Supp. 908, 910 (N.D.Miss.1987) (Mississippi has not yet recognized public policy exception to general rule of termination at will).

Because the circumstances of the case at bar differ significantly from those addressed by the court in *Laws,* this court need not determine whether to accept or reject that court's holding. Here, the defendant asserts that plaintiff was discharged from his employment for falsifying expense reports and plaintiff himself acknowledges that he was accused on several occasions of stealing from the company by falsifying expense reports. Thus the plaintiff here, who is said to have been discharged for committing an illegal act, is in a far different position than the plaintiff in *Laws* who was discharged for refusing to commit an illegal act. Certainly, one could not reasonably take the position that the commission of wrongful acts by an employee should be condoned by the recognition of a cause of action on his behalf against his employer. Certainly no public policy would be served by permitting such an absurd result.

Accordingly, it is ordered that defendant's motion to dismiss for failure to state a claim is granted. A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.