FAIR, J.,
for the Court:
¶ 1. Philip Hosch was killed in an explosion at work in Fulton, Mississippi. Hosch’s estate brought suit against his employer, Mueller Copper Tube Company, alleging that it “willfully, recklessly, egregiouslyU and intentionally” failed to provide Hosch with a safe working environment, “with an intent to injure.” The estate also sued the employer’s parent corporation, Mueller Industries, essentially contending that it failed to supervise its subsidiary. The trial court granted the Mueller defendants’ Rule 12(b)(6) motion to dismiss and certified the judgment as final under Rule 54(b).[1] Numerous other defendants in the original suit are not parties to this appeal.
¶ 2. The trial court found that Hosch’s estate, by accepting $2,000 in funeral expenses as workers’ compensation benefits, had made an election of remedies and could not pursue a tort claim against either Mueller defendant. We conclude that the dismissal cannot be upheld under Rule 12(b)(6) because it depends on evidence outside the pleadings. And since both sides agree the trial court did not convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment, we must reverse and remand this case for further proceedings consistent with this opinion.
DISCUSSION
¶ 3. Our analysis of this issue is hobbled by the parties’ failure to recognize the fundamental difference between motions to dismiss under Rules 12 and 56. “Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted.” Chalk v. Bertholf, 980 So.2d 290, 293 (¶ 4) *529 (Miss.Ct.App.2007). A Rule 12(b)(6) motion to dismiss must be decided on the face of the pleadings alone. Hartford Cas. Ins. Co. v. Halliburton Co., 826 So.2d 1206, 1211 (¶ 15) (Miss.2001). This differs from a motion for summary judgment under Rule 56, which tests the sufficiency of evidence; summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact....” M.R.C.P. 56(c).
¶ 4. The parties contend that this is an appeal from the granting of a Rule 12(b)(6) motion to dismiss. And both sides, in their briefs on appeal, accurately describe a Rule 12(b)(6) motion, what it tests, and how it should be reviewed on appeal. But they nonetheless center their arguments around evidence or assertions not contained in the complaint. This goes all the way back to the original motion to dismiss, to which the Mueller defendants attached the Mississippi Workers’ Compensation Commission file on Hosch’s death as an exhibit. The MWCC file included a “Notice of Final Payment” prepared by Mueller Copper’s insurance carrier, indicating it had paid $2,000 in funeral expenses.[2] The estate countered this by asserting that no meaningful election had occurred because the money had been paid directly to the funeral home.
¶ 5. When presented with a Rule 12(b)(6) motion, there is only one way for the trial court to consider evidence outside the pleadings — converting the 12(b)(6) motion into a motion for summary judgment. Rule 12(c) provides in relevant part that “[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in. Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56....” But conversion must be explicit: ‘Whenever a trial judge converts a Rule 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside the pleadings, the judge must give all parties ten days’ notice that he is converting the motion,” Delta MK LLC v. Miss. Transp. Comm’n, 57 So.3d 1284,1289 (¶ 13) (Miss.2011) (citation omitted) (emphasis in original).
¶ 6. The circuit court’s opinion expressly depends on accepting the contents of the MWCC file as “uncontested.” This is evidence outside the pleadings, but we cannot find any indication in record that the court gave the parties notice it intended to convert the 12(b)(6) motion to one for summary judgment.
¶ 7. It might be argued that the estate’s acquiescence (or obliviousness) amounts to a waiver of the notice requirement. However, “[Rule 12]’s requirements are not triggered by which party submits the outside matters, nor does it contain any estoppel or actual-notice language.” Id. at 1290 (¶ 17). And the Mueller defendants have never argued that the trial court granted summary judgment; they steadfastly maintain that the ruling was made under Rule 12(b)(6). They likewise admit that the judgment should be reviewed under Rule 12(b)(6) on appeal.
¶ 8. Therefore, notwithstanding the .ambiguity of the circuit court’s decision, we will take the dismissal as having been made under Rule 12(b)(6). Because the dismissal here depends on evidence out *530 side the pleadings, and such evidence cannot be considered in a 12(b)(6) motion to dismiss, the circuit court erred in finding the estate’s claims barred under the theory of election of remedies.
¶ 9. The estate has raised as a separate issue the question of whether Mueller Industries, which it contends is a third-party defendant, can claim immunity even if Mueller Copper is found to be protected from suit by the workers’ compensation statute. Given our holding on the first issue, that question is moot.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. BARNES, J, NOT PARTICIPATING.

. M.R.C.P. 54(b); M.R.C.P. 12(b)(6).

. The MWCC record also included an acknowledgment that the carrier had paid $500 toward the MWCC second injury fund, as required by Mississippi Code Annotated section 71-3-73 (Rev.2011).