# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01168-COA

**DONYANIQUE TOWNSEND**                                              **APPELLANT**

**v.**

**WHAT A COMBO INC., ALEIHANDRIA**                          **APPELLEES**
**WATKINS, ALONZO STUBBS AND ERIC**
**SHACKLEFORD**

DATE OF JUDGMENT:              07/13/2017
TRIAL JUDGE:                   HON. DAVID H. STRONG JR.
COURT FROM WHICH APPEALED:     PIKE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       CHARLES E. MILLER
                               ANGELA TAYLOR MILLER
ATTORNEYS FOR APPELLEES:       DORIS THERESA BOBADILLA
                               MATTHEW MILES WILLIAMS
NATURE OF THE CASE:            CIVIL - TORTS-OTHER THAN PERSONAL
                               INJURY AND PROPERTY DAMAGE
DISPOSITION:                   AFFIRMED - 01/08/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### GREENLEE, J., FOR THE COURT:

¶1.     This case proceeds from the appeal of the Pike County Court's orders dismissing

Aleihandria Watkins, Alonzo Stubbs, and Eric Shackleford for insufficient service of process

and dismissing all claims concerning What a Combo Inc. for failure to state a claim. Finding

no error, we affirm.

## FACTS

¶2.     On September 22, 2014, Donyanique Townsend filed a complaint in the Pike County

Court against What a Combo, Watkins, Stubbs, and Shackleford for wrongful termination,

breach of contract, false arrest, false imprisonment, malicious prosecution, and slander. In her complaint, Townsend listed the following facts in support of her claim:

> A. Plaintiff, Donyanique Townsend is a resident citizen of Lincoln County, Mississippi. Townsend is an African American.
>
> B. On or about October 4, 2013, Plaintiff was an employee of defendant, What a Combo, Inc., and was wrongfully terminated from defendant's employment.
>
> C. Plaintiff was detained by said defendant's employees, namely, Aleihandria Watkins, Alonzo Subbs and Eric Shackleford and the Brookhaven Police department was called. Plaintiff was arrested and prosecuted. Plaintiff was not convicted of the charge of Petit Larceny.

¶3. On December 4, 2014, What a Combo filed a motion to dismiss pursuant Mississippi Rule of Civil Procedure 12(b)(6), which the county court granted on December 29, 2015. On February 11, 2015, Watkins, Stubbs, and Shackleford filed a joint motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(4) and 12(b)(5), which the county court granted on July 5, 2016.

¶4. Townsend appealed the county court's orders of dismissal to the Pike County Circuit Court. On July 13, 2017, the circuit court issued an order affirming the county court's decisions. Townsend timely appealed to this Court.

## STANDARD OF REVIEW

¶5. "On appeal, this Court applies a de novo standard when reviewing a trial court's grant of a motion to dismiss." *Alison v. State*, 200 So. 3d 469, 471 (¶10) (Miss. Ct. App. 2016).

## DISCUSSION

### I. Dismissal of Watkins, Stubbs, and Shackleford

¶6. Townsend attempted to serve Watkins, Stubbs, and Shackleford by publication under Mississippi Rule of Civil Procedure 4(c)(4)(A), which provides for situations where a defendant cannot be found within the state. Publication of the summons must be made once a week for three consecutive weeks in the public newspaper of the county if one exists, which it does in this case. M.R.C.P. 4(c)(4)(B). But service by this method is only permitted "[i]f the defendant . . . be shown by sworn complaint or sworn petition, or by a filed affidavit, to be a nonresident of this state or not to be found therein on diligent inquiry . . . ." M.R.C.P. 4(c)(4)(A). The affidavit or sworn complaint must also state the defendant's post-office address, if known, or swear that it could not be determined after a diligent inquiry. *Id.* If the affidavit is made by a third party, rather than the plaintiff, and the defendant's post-office address is unknown, the affiant must swear that he made a diligent inquiry to ascertain the defendant's post-office address, and that "he believes it is unknown to the plaintiff . . . after a diligent inquiry by the plaintiff . . . ." *Id.*

¶7. Here, Townsend's attorney filed an affidavit, but he did not state the defendants' post-office addresses in the affidavit or swear that they were indeterminable following his and Townsend's diligent inquiries.

¶8. "The rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition." *Turner v. Deutsche Bank Nat. Tr. Co.*, 65 So. 3d 336, 339 (¶12) (Miss. Ct. App. 2011). "Actual notice does not cure defective process." *Id.* (citing *Mosby v. Gandy*, 375 So. 2d 1024, 1027 (Miss. 1979)). "Even if a defendant is aware of a suit, the failure to comply

3

with rules for the service of process, coupled with the failure of the defendant voluntarily to appear, prevents a judgment from being entered against him." *Id.*

¶9.   In *Caldwell v. Caldwell*, 533 So. 2d 413, 415 (Miss. 1988), the supreme court noted that Rule 4(c)(4)(A) was substantially the same as the statute in place before the adoption of the Mississippi Rules of Civil Procedure.  The *Caldwell* court approvingly quoted a pre-rules treatise's comment that "[a]n affidavit to support process by publication must strictly comply with the statute and if it omit[s] averment of diligent inquiry it is insufficient.  *Id.* at 416 (quoting V.A. Griffith, *Mississippi Chancery Practice*, 238-39 (1925)).  And, "[t]he affidavit for publication when made by an agent must cover the knowledge of the principal as well as of the affiant, as for instance, if an attorney makes the oath for his client[,] the oath should show whether the knowledge or information is that of the attorney or the client . . . . *Id.*

¶10.   In applying our precedent concerning Rule 4(c)(4)(A), we find Townsend's attempt to serve Watkins, Stubbs, and Shackleford fell short of the required notice.  Although Townsend's attorney filed an affidavit of diligent search and inquiry, he did not state the defendants' post-office addresses in the affidavit or swear that they were indeterminable following his and Townsend's diligent inquiry.  Thus, we find the county court properly dismissed Watkins, Stubbs, and Shackleford for insufficient service of process.  We now turn to the claims concerning the remaining defendant, What a Combo.

## II.   Dismissal of What a Combo Pursuant to Rule 12(b)(6)

¶11.   "Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which

4

relief can be granted." *Williams v. Mueller Copper Co. Inc.*, 149 So. 3d 527, 528 (¶3) (Miss. Ct. App. 2014). "A Rule 12(b)(6) motion to dismiss must be decided on the face of the pleadings alone." *Id.* "The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of [her] claim." *Jourdan River Estates LLC v. Favre*, 212 So. 3d 800, 802-03 (¶4) (Miss. 2015). We will affirm if there is no set of facts that would allow the plaintiff to prevail. *Id.* Further, as Mississippi is a notice-pleading state, our rules do not require the plaintiff to plead specific wrongful conduct. *Id.* At the pleading stage, she is required to only place the defendants on reasonable notice of the claims against them and to demonstrate that she has alleged a recognized cause of action she may prevail on under some set of facts. *Id.*

¶12.   In her complaint, Townsend asserted claims for wrongful termination, breach of contract, false arrest, false imprisonment, malicious prosecution, and slander. On appeal, Townsend challenges the county court's dismissal of her claims for wrongful termination, false imprisonment, and false arrest.[1]

> A.   Wrongful Termination

¶13.   Townsend did not allege that she had an employment contract with What a Combo for a specified period of time; therefore, she was an at-will employee. *Morrison v. Miss. Enter. For Tech. Inc.*, 798 So. 2d 567, 574 (¶21) (Miss. Ct. App. 2001) ("[A] contract of

---

[1] Townsend's appellate brief also included allegations of tortious interference with a contract and conspiracy. Because Townsend did not plead either action in her complaint, this Court entered an order striking the portions of her brief discussing issues outside the pleadings.

employment for an indefinite term creates only employment at-will status.")). The general rule of employment at will is that an employer may terminate an at-will employee for a good reason, a wrong reason, or no reason at all. *Kelly v. Miss. Valley Gas Co.*, 397 So. 2d 874, 875 (Miss. 1981). In *McArn v. Wallied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993), the Mississippi Supreme Court carved out two narrow exceptions to our employment-at-will doctrine, whether there is a written contract or not: "(1) an employee who refuses to participate in an illegal act as in [*Laws v. Aetna Finance Co.*, 667 F. Supp. 342 (N.D. Miss. 1987)][2] shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." *McArn*, 626 So. 2d at 607. Townsend argues the facts of her case meet the second exception. But Townsend did not allege in her complain that she was terminated for reporting any illegal act to What a Combo or anyone else. We therefore find that Townsend's reliance upon the second *McArn* exception is misplaced. Townsend's claim for wrongful termination was properly dismissed.

### B. False Imprisonment and False Arrest

¶14. An employer is liable for the torts of his employee only when they are committed within the scope of employment. *Favre v. Wal Mart Stores Inc.*, 820 So. 2d 771, 773 (¶5)

---

[2] In *Laws v. Aetna Fin. Co.*, 667 F. Supp. 342 (N.D. Miss. 1987), Laws was allegedly fired from the defendant company for refusing to "pack" insurance policies with loans that he made on behalf of Aetna in the State of Mississippi. Such an activity violated both state and federal laws. *Id.* at 343-44.

(Miss. Ct. App. 2002). To be within the scope of employment, the act must have been committed "in the course of and as a means to the accomplishment of the purposes of the employment and therefore in furtherance of the master's business." *Id.* at 773-74 (¶5). Tortious acts incidental to the authorized conduct fall within the course and scope of employment. *Sears, Roebuck & Co. v. Creekmore*, 199 Miss. 48, 60-61, 23 So. 2d 250, 252 (1945). But unauthorized acts do not necessarily fall outside the scope of employment when they are of the same general nature as the conduct authorized or incidental to that conduct. *S. Bell Tel. & Tel. Co. v. Quick*, 167 Miss. 438, 452, 149 So. 107, 109 (1933).

¶15. In her complaint, Townsend alleged Watkins, Stubbs, and Shackleford detained her, that the police were called, and she was arrested. Townsend claimed her detention and arrest were "deliberate, malicious, and unlawful." She did not, however, claim that Watkins, Stubbs, and Shackleford were acting within the scope of their employment with What a Combo. Therefore, Townsend did not allege any ties that would make What a Combo liable for these individuals. We find the county court properly dismissed her claims for false imprisonment and false arrest.

¶16. Finding the county court properly granted Watkins, Stubbs, and Shackleford's motion to dismiss pursuant to Rule 12(b)(4) and What a Combo's motion to dismiss pursuant to Rule 12(b)(6), we affirm.

¶17. **AFFIRMED.**

**BARNES AND CARLTON, P.JJ., WESTBROOKS AND TINDELL, JJ., CONCUR. GRIFFIS, C.J., AND WILSON, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**