# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00529-SCT

*KATHERINE L. BUCHANAN*

*v.*

*AMERISTAR CASINO VICKSBURG, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/5/2002 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID M. SESSUMS |
| ATTORNEYS FOR APPELLEE: | HERBERT C. EHRHARDT |
| | BRANDON MICHAEL CORDELL |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 08/07/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a judgment of the Circuit Court of Warren County granting summary judgment in favor of Ameristar Casino Vicksburg, Inc., against Katherine L. Buchanan. Buchanan appeals and submits the following issues for review:

> I.  Whether the trial court erred in finding that Buchanan failed to show that a contractual relationship of employer and employee existed between Ameristar Casino and her.

> II.  Whether the trial court erred in ruling that the only two exceptions to the employment at will doctrine in Mississippi are: (1) where the termination of the employee is due to

refusal to do an illegal act, or (2) where the termination of the employee is due to his exposure to an illegal act by the employer or the employer's agent.

III. Whether the trial court erred in declining to rule that the discharge of an employee solely in retaliation for the employee filing a workers' compensation claim violates the public policy of the State of Mississippi and constitutes an independent tort.

IV. Whether the court erred in granting summary judgment.

## FACTS

¶2.     While employed with Ameristar, Buchanan was injured on the job and received workers' compensation benefits. Buchanan received a letter dated January 12, 1998, informing her that she had been terminated from her employment at Ameristar effective December 31, 1997. Buchanan filed a complaint on November 19, 1999, in the Circuit Court of Warren County alleging wrongful discharge. Ameristar filed a motion for summary judgment, and the circuit court granted the motion and later denied reconsideration of its ruling.

## DISCUSSION

¶3.     Because all four issues are interrelated, we will discuss them simultaneously. Although Buchanan presents four issues for this Court's review, essentially, her argument is that the trial court erred in granting summary judgment because there was a genuine issue of material fact and she was improperly terminated for filing a workers' compensation claim. We apply the following standard of review:

This Court has a well-established standard of review of a trial court's grant of summary judgment: Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. This Court employs a de novo standard of review of a lower court's grant

2

or denial of summary judgment and examines all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.

*Williamson ex rel. Williamson v. Keith*, 786 So.2d 390, 393 (Miss. 2001).

¶4. Mississippi is an employment at-will state. The general rule of employment at will is that a contract for employment for an indefinite period may be terminated at the will of either party, whether the termination is for any reason or no reason at all. *See McArn v. Allied Bruce-Terminix Co.,* 626 So.2d 603, 606 (Miss. 1993). This Court addressed the issue of whether an employee has a cause of action for termination based upon retaliation for filing a workers' compensation claim in *Kelly v. Mississippi Valley Gas Co.*, 397 So. 2d 874 (Miss. 1981). In *Kelly*, this Court declined to adopt a public policy exception or to recognize a common law tort action against an employer by an employee who may have been discharged for filing a workers' compensation claim. *Id.* at 877.

¶5. However, in *McArn* two exceptions to the general, employment at-will rule were carved out by this Court:

> (1) an employee who refuses to participate in an illegal act...shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer.

626 So. 2d. at 607.

¶6.     Buchanan was an at-will employee with Ameristar prior to her termination. As evidenced by the record, she signed a "Certification and Agreement" form acknowledging that her employment was for an indefinite period. Buchanan also signed the "Acknowledgment" form in Ameristar's employee handbook which stated that it did not create a contract or guarantee continued employment. The "Employment Status Policy," included in the Ameristar employment manual, clearly states that regardless of the status of an employee, no contractual agreement expressed or implied is created. Any assertion by Buchanan that she was a contract employee of Ameristar is belied by her own signature on forms which clearly define her status as an at-will employee.

¶7.     Furthermore, Buchanan does not allege that she was terminated for refusing to participate in illegal acts at the request of Ameristar or that she was terminated for reporting illegal acts performed by Ameristar. Because Buchanan's termination does not meet the requirements of the exceptions as set forth above, she is precluded by the employment at will doctrine from bringing an action for retaliatory discharge. We find that Buchanan has failed to establish a genuine issue of material fact which would allow her relief in this matter.

## CONCLUSION

¶8.     For these reasons, we find that the trial court did not err in granting summary judgment in favor of Ameristar, and we affirm the trial court's judgment.

¶9.     **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND CARLSON, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J. DIAZ, J., NOT PARTICIPATING.**

4

## McRAE, PRESIDING JUSTICE, DISSENTING:

¶10.    This is just another classic example of this Court's refusal to see the errors of its ways and overrule *Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874 (Miss. 1981). Here again, we have an employee whose employment was terminated in retaliation for her filing of a workers' compensation claim for work-related injuries. It is only logical that the company be held liable for such retaliatory conduct since both employees and employers are forced into a statutory contract by the Workers' Compensation Act (Act). Miss. Code Ann. §§ 71-3-3, 71-3-5, & 71-3-9. Under the Act, employees give up their rights to sue employers for work- related injuries in exchange for the assurance that those injuries will be compensated by workers' compensation benefits. Miss. Code Ann. §§ 71-3-5 & 71-3-9 (Rev. 2000). However, this statutory contract does not contemplate the retaliatory firing of employees who choose to pursue their right to recover for  work-related injuries under the Act. For this reason, I dissent.

¶11.    In *Kelly*, this Court had the opportunity to find that retaliatory firing as the result of an employee's filing of a workers' compensation claim was in fact an independent cause of action. 397 So.2d at 874. However, this Court chose to plod the straight and narrow and limit the rights of employees by finding  that no independent cause of action exists under the Act. Therefore,  the Court declined to create a judicial exception  since it is more proper for the Legislature to carve out exceptions. *Id.* at 874-78.

¶12.    Then in *McArn v. Allied Bruce-Terminix Co.,* 626 So.2d 603, 604-06 (Miss. 1993),  this Court addressed whether an independent suit for wrongful termination could be maintained by an employee who claimed to have been terminated in retaliation to his reporting of unlawful conduct to his employer. This Court carved out two exceptions to the employment at will doctrine: "(1) an employee who refuses to participate in an illegal act as in *Laws v. Aetna Finance Co.*, 667 F. Supp. 342 (N.D. Miss. 1987)] shall not be barred by the common law rule of employment at will from bringing an action in tort for

5

damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." 626 So. 2d at 607.

¶13. No other exceptions have been provided by this Court, despite the obvious harsh effect of a retaliatory discharge for the filing of a workers' compensation claim under the Act. By statutory contract, the employer agrees to submit itself to liability for work-related injuries under the Act, and the employee agrees to use the Act as his only remedy for work-related injuries. Miss. Code Ann. §§ 71-3-3, 71-3-5, & 71-3-9. It is contrary to the Act's purposes of encouraging cooperating with other state and federal authorities for the prevention of injuries and occupational diseases to workers and, in event of injury or occupational disease, their rehabilitation or restoration to health and vocational opportunity", to force employees to forego the opportunity to pursue a private right of action for retaliatory termination Miss. Code Ann. § 71-3-5. Surely, when employees are forced by statute to give up their right to sue for work-related injuries, they should not also be expected to give up any right to private action for retaliatory termination due to their filing of a claim under the Act.

¶14. I would overrule *Kelly*, recognize a cause of action for retaliatory discharge, reverse the trial court's judgment, and remand this case for a trial.

¶15. For these reasons, I dissent.

**EASLEY, J., JOINS THIS OPINION**.