IRVING, P.J.,
for the Court:
¶ 1. On May 3, 2010, Warren Williams filed a complaint in the Hancock County Circuit Court against his coworker Kenton A. Williams and their employer Mattress Direct Inc.,[1] alleging negligence as a result of a vehicular accident involving Warren and Kenton while they were returning from a delivery assignment. Kenton and Mattress Direct filed a motion for summary judgment, which the circuit court granted. Feeling aggrieved, Warren appeals and claims that the court erred in holding that he and Kenton were both in the course and scope of their employment with Mattress Direct at the time of the accident and that Warren’s exclusive remedy is under the Louisiana Workers’ Compensation Act.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On July 16, 2008, Warren and Kenton, both of Louisiana, were instructed by Mattress Direct to deliver a mattress to a customer in Hancock County, Mississippi. They traveled to Hancock County in a *441 Mattress Direct delivery truck, and Kenton was the driver. After completing the delivery, Warren and Kenton headed back to Louisiana on Interstate 10. While still in Hancock County, Warren and Kenton were involved in a single-vehicle accident in which Warren sustained injuries and was taken to a nearby hospital. Warren’s patient-registration form lists workers’ compensation as the insurance provider. Mattress Direct filed an employer report of injury/illness with Louisiana’s Office of Workers’ Compensation. Warren admitted in his responses to the defendants’ first set of requests for admissions, interrogatories, and requests for production of documents that the workers’ compensation insurer paid his hospital bills.
¶ 4. Warren’s complaint alleged that the accident was due to Kenton’s negligent operation of the delivery truck and Mattress Direct’s negligent entrustment of the vehicle to Kenton. Kenton and Mattress Direct’s motion for summary judgment asserted that Warren’s exclusive remedy was under Louisiana’s workers’ compensation law; therefore, he was barred from asserting common-law tort claims against Kenton and Mattress Direct.
¶ 5. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Appellate courts review a circuit court’s grant or denial of a motion for summary judgment de novo. Buchanan v. Ameristar Casino Vicksburg, Inc., 852 So.2d 25, 26 (¶ 3) (Miss.2003). “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Id. (quoting Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001)). When there is no genuine issue of material fact, summary judgment must be granted. Id.
¶ 7. To support their motion for summary judgment, Kenton and Mattress Direct submitted the following documents: all pleadings filed in the tort action, Warren’s hospital records, Mattress Direct’s report of injury filed with Louisiana’s Office of Workers’ Compensation, a letter from the company that was managing Warren’s workers’ compensation claim on behalf of the workers’ compensation insurance carrier, a final report from Advanced Medical Center, and an itemization of payments for medical services provided to Warren.
¶ 8. The parties agree that Louisiana law should be applied to the issues at hand. We agree, because the parties have a more significant relationship with Louisiana than with Mississippi. Additionally, Warren has received benefits under Louisiana’s Workers’ Compensation Act. Thus, the critical question is whether Warren was properly awarded the workers’ compensation benefits. The answer is dependent upon whether Warren was in the course and scope of his employment with Mattress Direct at the time of the accident.

I. Course and Scope of Warren’s Employment

¶ 9. Warren argues that because Mattress Direct had an “unwritten policy” in which employees were considered officially off the clock after making a delivery, he was not in the course and scope of his employment while he was en route back to Mattress Direct when the accident occurred. Consequently, he argues that Mattress Direct is not entitled to immunity from a separate tort suit.
¶ 10. “An employee is acting within the course and scope of his employment when the employee’s action is of the kind that he is employed to perform, oc *442 curs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer.” Timmons v. Silman, 761 So.2d 507, 510 (La.2000) (citation and internal quotation marks omitted). “The requirement that an employee’s injury ‘arise out’ of the employment relates to the character and origin of the injury suffered by the employee and whether this injury was incidental to the employment.” Martin v. Pride Offshore Co., 950 So.2d 805, 808 (La.Ct.App.2006) (citing McLin v. Indus. Specialty Contractors, 851 So.2d 1135, 1140 (La.2003)). “The terms ‘in the course of and ‘arising out of employment constitute a dual requirement. [They] are not viewed as separate and unrelated concepts” but are mutually interdependent. Fortenberry v. C.R. Bard, Inc., 830 So.2d 1025, 1029 (La.Ct.App.2002) (internal citations omitted).
¶ 11. Warren’s argument that he was not in the course and scope of employment because he was off the clock due to Mattress Direct’s “unwritten policy” fails. The circuit court correctly found that Warren and Kenton were still in the course of fulfilling their employment duties at the time of the accident. Warren and Kenton were on Interstate 10 returning to their place of employment in their employer’s vehicle, an action that they were employed to perform for the purpose of serving their employer. As a result, Warren’s injuries arose out of his employment.
¶ 12. Warren also asserts that his and Kenton’s travel from Hancock County back to Mattress Direct falls under the “going and coming” rule which is usually considered outside of the course and scope of employment. See McLin, 851 So.2d at 1140. This assertion is without merit, as this rule is premised on the theory that “the employment relationship is suspended from the time the employee leaves work to go home until he resumes his work.” Id. (citing Phipps v. Bruno Constr., 773 So.2d 826, 828 (La.Ct.App.2000)). Warren and Kenton were not commuting to work from home or vice versa. They were on their way back from a delivery and returning the delivery truck to Mattress Direct. Warren has failed to offer any authority in which the “going and coming” rule has been applied to facts similar to those in this case. Accordingly, we find that Warren was in the course and scope of his employment at the time of the accident, and his sole remedy against Mattress Direct is under Louisiana’s Workers’ Compensation Act.

II. Course and Scope of Kenton’s Employment

¶ 13. Warren maintains that even if he was in the course and scope of his employment at the time of the accident, Kenton was not in the course and scope of his employment at that time and is not immune from a tort lawsuit. Warren points out that Kenton was having a heated phone conversation with his girlfriend while driving at a high rate of speed in the rain, causing the delivery truck to flip several times. Warren reasons that Kenton’s argument with his girlfriend while operating the delivery truck constituted a significant and unpredictable deviation from Kenton’s employment duties, which removed Kenton from the course and scope of his employment with Mattress Direct. “The courts have consistently held that an employee is protected during work hours, despite minor deviations from instructions or place of work, if what he does could reasonably be contemplated as humanly incidental to his service as an employee and does not unreasonably increase the risk of injury.” Hoy v. Gilbert, 754 So.2d 207, 209 (La.1999) (citing Robinson v. F. Strauss & Son, Inc., 481 So.2d 592 (La.1986)). An act is considered unrelated to the employment when there is “a signifi *443 cant and unpredictable deviation and departure from [an employee’s] employment duties[.]” Puccio v. Finch, 454 So.2d 272, 274 (La.Ct.App.1984) (quoting Normand v. City of New Orleans, 363 So.2d 1220, 1223 (La.Ct.App.1978)).
¶ 14. Although Kenton was on the phone talking to his girlfriend when the accident occurred, he was still driving Mattress Direct’s delivery truck with the purpose of getting the delivery truck back to Mattress Direct. Therefore, we agree with the circuit court’s decision that Kenton’s phone call was not a significant and unpredictable deviation from his employment duties. Accordingly, we also find that Kenton was in the course and scope of his employment at the time of the accident.
¶ 15. Louisiana has an exclusivity provision that bars a claimant who is eligible for compensation under the state’s workers’ compensation act from pursuing tort claims against his employer or an employee of that employer. La.Rev.Stat. Ann. § 23:1032(A)(l)(a) (2010); see also O’Regan v. Preferred Enters., Inc., 758 So.2d 124, 131-32 (La.2000) (superseded by La. Rev.Stat. Ann. § 23:1031.1(2010) on other grounds). Because Warren is barred from filing a tort action against Mattress Direct and Kenton in Louisiana, he is also barred from filing such a claim in Mississippi.
¶ 16. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J„ DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Mattress Direct is a Louisiana corporation with its principle place of business in Jefferson Parish, Louisiana.