# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00630-COA

**ELIJAH STRONG**                                                          **APPELLANT**

v.

**NORTH MISSISSIPPI CENTER FOR HIGHER**                    **APPELLEES**
**EDUCATIONAL ADVANCEMENT, INC. AND**
**WARREN E. STAMPS**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/2013 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JIM WAIDE |
| | RON L. WOODRUFF |
| ATTORNEY FOR APPELLEES: | RANDOLPH WALKER |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED – 09/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., MAXWELL AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Elijah Strong filed a complaint in the Clay County Circuit Court against the North Mississippi Center for Higher Educational Advancement (Center) and Warren Stamps, alleging that the Center wrongfully discharged him from his employment duties, and that Stamps maliciously interfered with his employment. The Center and Stamps (Center, unless the context dictates otherwise) filed a motion for summary judgment, which the circuit court granted. Feeling aggrieved, Strong appeals and argues that the circuit court erred in granting the Center's motion.

¶2.    Because Strong has failed to show the existence of a genuine issue of material fact, we affirm the judgment of the circuit granting summary judgment to the Center.

FACTS

¶3.    Strong was employed as a project specialist at the Center. His contract with the Center provided that his employment began on September 1, 2009, and ended on August 31, 2010. Strong claims that on August 12, 2010, he expressed to Stamps, his direct supervisor, Strong's concern that Stamps was misappropriating the Center's federal grant money. On August 27, 2010, Dr. Henry Berry, the Center's CEO, wrote Strong a letter informing him that once his contract expired on August 31, 2010, the Center would not offer him another contract.

¶4.    Strong's complaint alleged that there was no basis for Berry to refuse to renew Strong's contract, and that Stamps had influenced Berry's decision. More specifically, Strong argued that the Center was liable for his wrongful discharge, and that Stamps was liable for malicious interference with his employment. The Center filed an answer, asking the court to dismiss Strong's complaint pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, as Strong did not have a property right in the renewal of his contract or a cause of action for the Center's failure to renew his contract. The Center then filed a motion to dismiss or, in the alternative, for summary judgment, which the circuit court denied on the ground that the motion was premature until discovery was completed.

¶5.    After discovery was completed, the Center filed another motion for summary judgment, alleging that Strong was unable to show a genuine issue of material fact with

2

respect to the legality of the Center's refusal to renew his contract. The Center explained that because Strong had no property interest in his continued employment with the Center beyond the contracted year, Strong had failed to state a claim upon which relief could be granted. After a hearing, the circuit court granted the Center's motion, finding that there were no genuine issues of material fact as to whether or not Strong was an at-will employee, or whether or not he was terminated from his position.

¶6. In opposition to the Center's motion for summary judgment, Strong submitted, among other documents, his affidavit in which he asserted that "[i]t was apparent that the [Center's] money was being stolen" because there were employees who left their positions at the Center, and the Center was still receiving federal grant money to cover those employees' salaries, even though the employees had not been replaced. He asserted that Stamps,[1] who was in charge of the Center's financial affairs, was misappropriating the alleged excess grant money.

## ANALYSIS AND DISCUSSION OF THE ISSUE

¶7. Summary-judgment cases are reviewed de novo on appeal. *Buchanan v. Ameristar Casino Vicksburg Inc.*, 852 So. 2d 25, 26 (¶3) (Miss. 2003). "The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact[,] and[] the moving party is entitled to [a] judgment as a matter of law, summary judgment should . . . be entered in [the moving

---

[1] Strong also submitted a copy of an order proving that Stamps had been convicted of embezzlement in 1984 in an action unrelated to this one.

party's] favor." *Id.* (quoting *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (¶10) (Miss. 2001)).

¶8.     Strong argues that it is against public policy for an employee to be fired after that employee has complained of wrongdoing.  He further argues that the protections under *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993), apply not only to at-will employees,[2] but to employees in his position as well.  In *McArn*, an at-will employee sued his former employer, alleging that the employer discharged him because he reported illegal conduct on the part of the employer.  The Mississippi Supreme Court stated:

> [T]here should be in at least two circumstances, a narrow public[-]policy exception to the employment[-]at[-]will doctrine and this should be so whether there is a written contract or not: (1) an employee who refuses to participate in an illegal act . . . shall not be barred by the common[-]law rule of employment at will from bringing an action in tort for damages against his employer; [and] (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment[-]at[-]will doctrine from bringing action in tort damages against his employer.

*McArn*, 626 So. 2d at 607.  According to Strong, distinguishing an employee with a contract that specifies the time the employee will serve in his position from an at-will employee allows an arbitrary loophole for those who violate the state's public policy.

¶9.     Strong's contract with the Center provided, in pertinent part:

WHEREAS, the undersigned Elijah Strong has been duly selected and

---

[2] "Mississippi is an employment at-will state.  The general rule of employment at will is that a contract for employment for an indefinite period may be terminated at the will of either party, whether the termination is for any reason or no reason at all." *Buchanan*, 852 So. 2d at 26 (¶4).

approved in the manner provided by the Board of Directors, for the position of Project Specialist of the Educational Opportunity Center Project for [the] year of 2009-2010 and

WHEREAS, this person agreed to enter into a contract with said agency evidencing the terms, conditions as follows:

1. Employment begins September 1, 2009[,] and ends August 31, 2010[.]

2. That said person is hereby employed as stipulated above for the said year, the length of term being 12 months.

3. That the said person hereby accepts such employment and obligates self to perform such duties as are required by the Executive Director and the Board of Directors of the said agency, and to perform his/her duties in said position in a satisfactory manner and in accordance with the policies, rules, and regulations of the Board of Directors of said agency.

4. That the total salary to be paid to said person for said services for the contract period shall be $31,000.00 composed of amount of entitlement for the Department of Education fund.

5. Said salary shall be paid in 12 installments[,] $2,583.34 each, with the first such payment to be made on the last day of the month in which the employee start[s] to work, which is applicable, and the remaining payments to be made on the last day of each month (or designated pay period, whichever is applicable) thereafter until all such payments have been made.

6. In all respects, this contract shall be subject to all of the applicable provisions of the agency, and such provisions are hereby incorporated as part of this contract by express reference thereto[.]

¶10. As stated, at the time that Strong reported what he suspected was illegal activity by Stamps, he was under contract with the Center for employment for one year, beginning in September 1, 2009, and ending August 31, 2010. Berry informed Strong that he would not

5

be offered another contract after the duties under Strong's employment contract were fulfilled. Strong was not an at-will employee, as there was nothing stipulated in the contract or between the parties that his employment could be terminated at any time. Additionally, there was no provision within his contract regarding continued employment beyond the contracted year. Therefore, the protections enumerated in *McArn* do not apply to Strong, and because no right of Strong's was infringed upon here, refusing to extend *McArn* to Strong does not create what Strong calls a loophole for those who violate public policy.

¶11. Moreover, Strong has not proved that Stamps engaged in illegal activity, or that the Center's decision to not offer him a new contract was a direct result of his complaint about Stamps. Further, Strong's allegation that he was fired is false, as an employee whose contract term expires without being renewed is not fired. It logically follows that because Strong has no right to a new contract, his claim of malicious interference fails. Accordingly, the circuit court did not err in granting summary judgment in favor of the Center.

¶12. **THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

6